PHAN SON VAN, individually
and d/b/a P–One Food
Store, Petitioner,

v.

Adolfo PEÑA, individually and as representative of the Estate of Elizabeth Peña and Melissa Peña, individually, and Randy Lee Ertman and Sandra Lee Ertman, individually and as personal representatives of the Estate of Jennifer Lee Ertman, Respondents.

No. 97–0900.

Supreme Court of Texas.

Argued Feb. 9, 1999.

Decided April 1, 1999.

Rehearing Overruled June 10, 1999.

Daniel F. Shank, William Robert Pilat, Davis & Shank, P.C., Houston, for petitioner.

Matthew J. M. Prebeg, Arthur M. Glover, Ronald Wardell, Houston, for respondent.

Justice O'NEILL delivered the opinion of the Court, in which Chief Justice PHILLIPS, Justice HECHT, Justice ENOCH, Justice OWEN, Justice BAKER, Justice HANKINSON, and Justice GONZALES joined.

In this case we decide whether proximate and superseding cause may be decided as a matter of law based upon the summary judgment proof. This lawsuit arises out of the brutal assault and murder of Elizabeth Peña, sixteen, and Jennifer Lee Ertman, fourteen, by six teenage gang members who had been drinking beer before the attack. The girls' families sued P–One Food Store and its owner, Phan Son Van (collectively "Phan"), alleging that they negligently sold alcohol to the underage gang members. Phan successfully moved for summary judgment on the ground that the sale of alcohol did not proximately cause the girls' deaths. The court of appeals reversed, holding that Phan did not negate the foreseeability element of proximate cause. 960 S.W.2d 101. We hold that Phan's summary judgment proof established superseding cause, thereby negating foreseeability. Consequently, the plaintiffs could avoid summary judgment only by presenting controverting evidence that the criminal acts were foreseeable. The plaintiffs failed to meet that burden. Accordingly, we reverse the judgment of the court of appeals and render judgment that the plaintiffs take nothing.

The material facts are undisputed for purposes of summary judgment. On the night in question, several teenage gang members were gathered at an apartment complex drinking beer, at least some of which had been purchased at the P–One Food Store. When others arrived, they all decided to go to a wooded area beside the railroad tracks to initiate a new gang member. Once there, they witnessed or participated in a fight, and then loitered in the area for about thirty minutes, drinking beer. One witness in the criminal trial testified that, after the fight, the gang members were "hyper and drunk," "worked up," and "out of control." At this point, Elizabeth and Jennifer happened upon the scene while making their way home.

Six of the gang members attacked, sexually assaulted, and murdered the girls.

Five of the assailants, all seventeen to eighteen years old at the time, were tried, convicted, and sentenced to death for the girls' murders. A sixth assailant, who was fourteen, pled guilty to aggravated sexual assault in exchange for a lesser sentence.

The girls' families sued Phan for negligence, gross negligence, and negligence per se based upon the illegal sale of alcohol.[1] We assume, as the parties have for summary judgment purposes, that Phan negligently sold alcohol to the underage gang members. In order to recover, the plaintiffs must show that the negligent sale proximately caused the girls' injuries. Phan sought to negate the proximate cause element of the plaintiffs' claims by showing that the gang members' intentional criminal acts were a superseding cause of the girls' deaths. As summary judgment proof, Phan offered (1) the victims' autopsy reports, (2) the assailants' indictments, (3) the capital murder convictions, and (4) testimony from the criminal trial.

■ As the summary judgment movant, Phan has the burden to establish, as a matter of law, that there are no issues of material fact concerning one or more of the essential elements of the plaintiffs' claims. *See American Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). When reviewing a summary judgment, we assume that all evidence favorable to the nonmovant is true. *Id.* We indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Id.* Once the movant produces evidence entitling it to summary judgment, the burden shifts to the nonmovant to present evidence that raises a fact issue.[2] *See Walker v. Harris,* 924 S.W.2d 375, 377 (Tex.1996). The plaintiffs contend Phan did not conclusively negate proximate cause because he failed to prove that the gang members' violent criminal conduct was not foreseeable. On the other hand, Phan claims that once third-party intentional criminal conduct was proved, the burden shifted to the plaintiffs to present controverting evidence that the criminal conduct was foreseeable. To support their respective positions, both parties cite the general rule that third-party criminal conduct is a superseding cause *unless* the criminal conduct is a foreseeable result of such negligence. *See Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 550 (Tex.1985). Section 448 of the *Restatement (Second) of Torts,* upon which the *Nixon* Court relied, provides:

> The act of a third person in committing an intentional tort or crime *is a superseding cause* of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless* the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.

RESTATEMENT (SECOND) OF TORTS § 448 (1965) (emphasis added).

To the extent appellate courts have looked to Section 448 for guidance in allocating the summary judgment burden on foreseeability, they have reached conflicting and confusing results. *See, e.g., Carreiro v. Wiley,* 976 S.W.2d 829, 831 (Tex. App.—Houston [1st Dist.] 1998, pet. de-

---

1. The plaintiffs also sued the owners of the property where the incident occurred, alleging that they negligently allowed the gang members to congregate and consume alcohol on the property. The trial court granted summary judgment in favor of the property owners, and they are not parties to this appeal.

2. Because Phan filed his motion before the new "no evidence" summary judgment rule became effective, we apply the traditional summary judgment standard. *See* TEX. R.CIV.P. 166a(i) (effective September 1, 1997). If a defendant moves for summary judgment under the new rule based on lack of foreseeability, it will be the plaintiff's burden to provide summary judgment evidence of foreseeability. *Id.*

nied) (holding that summary judgment was improper when the defendant failed to prove that the third party's violent criminal act was not the foreseeable result of the defendant's negligence); *Chapman v. Oshman's Sporting Goods, Inc.,* 792 S.W.2d 785, 787 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (holding that once the defendant proved that the third party's criminal act caused the injury, the burden shifted to the plaintiff to present evidence raising a fact issue on foreseeability).

■ In determining how to allocate the summary judgment burden on the foreseeability analysis indicated by Section 448, we believe Section 442 of the *Restatement* is instructive. That section identifies the following factors to be considered in determining whether an intervening force rises to the level of a superseding cause:

(a) the fact that the intervening force brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that the intervening force's operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of the force's operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

*See Humble Oil & Ref. Co. v. Whitten,* 427 S.W.2d 313, 315 (Tex.1968) (citing Restatement (Second) of Torts § 442 (1965)); *see also Baley v. W/W Interests, Inc.,* 754 S.W.2d 313, 319 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (citing Section 442 criteria in determining whether intervening criminal acts were a superseding cause).

■ We conclude that a defendant who seeks to negate foreseeability on summary judgment must prove more than that the intervening third-party criminal conduct occurred. The defendant has the burden to prove that the conduct was not foreseeable. When a defendant presents evidence that the plaintiff's injuries resulted from intervening criminal conduct that rises to the level of a superseding cause based on considerations like those in Section 442, the defendant has negated the ordinary foreseeability element of proximate cause. The burden then shifts to the plaintiff to raise a fact issue by presenting controverting evidence that the criminal conduct was foreseeable. Our holding is based upon the factors considered in determining superseding cause, which presume that the intervening event and its resulting harm are unforeseeable. Subsection (a), for example, considers whether the harm created by the third party is "different in kind from that which would otherwise have resulted from the actor's negligence." Subsection (b) considers whether the operation or consequences of the intervening force are "extraordinary" or "normal" in view of the circumstances existing at the time of the force's operation. Finally, subsection (c) focuses on whether the intervening force is or is not "a normal result" of any situation created by the actor's negligence. Thus, to be a superseding cause, the intervening force must not be ordinarily or reasonably foreseeable. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 98 (Tex.1992); *Knoll v. Neblett,* 966 S.W.2d 622, 633–34 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

■ The undisputed facts reflected in Phan's summary judgment proof conclusively establish that the gang members' intentional criminal acts were a superseding cause under Section 442. *See Minnesota Mining & Mfg. Co. v. Atterbury*, 978 S.W.2d 183, 197 (Tex.App.—Texarkana 1998, pet. denied) (stating the rule that proximate cause is usually a fact issue, but is an issue of law when the facts are conclusive); *Schlager v. Clements*, 939 S.W.2d 183, 187 (Tex.App.—Houston [14th Dist.] 1996, writ denied) (same); *see also Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex.1991) (concluding that circumstances surrounding plaintiff's injuries were too remotely connected with defendant's conduct to constitute legal cause). First, the harm inflicted by the gang members was different in kind from that generally contemplated by the duty not to furnish alcoholic beverages to minors. It is foreseeable, for example, that the sale of alcohol to a minor will result in the minor driving while intoxicated and either causing injury or being injured. *See, e.g., El Chico Corp. v. Poole*, 732 S.W.2d 306, 314 (Tex.1987). On the other hand, the intentional sexual assault and brutal murder of two teenage girls who happen upon a gang initiation some distance in time and location from the illegal sale of alcohol is not the type of harm that would ordinarily result from such a sale.

Other courts have reached the same conclusion upon similar facts. In *Christen v. Lee*, for example, the Washington Supreme Court considered a bar owner's liability for an intoxicated patron's off-premises criminal assault. 113 Wash.2d 479, 780 P.2d 1307 (1989). Affirming summary judgment for the defendant, the court concluded:

> Driver error is a commonly understood and foreseeable consequence of serving intoxicants to an already obviously intoxicated person. The type of harm involved [here], however, is that of a criminal assault. This is a drastically different type of harm than driver error. While driver error is not an intentional act, a criminal assault is an intentional act. Thus, the nature of the harm in the cases before us is not within the general field of danger traditionally covered by the duty not to furnish intoxicating liquor to an obviously intoxicated person.

*Id.* at 1315.

The Fifth Circuit reached a similar conclusion in *Skipper v. United States*, 1 F.3d 349, 354 (5th Cir.1993). Relying upon our opinion in *El Chico Corp.*, 732 S.W.2d at 314, the court held that an intoxicated patron's murder of his former girlfriend in a noncommissioned military officers' club was an unforeseeable, superseding cause that extinguished the club's liability. The court expressly rejected the district court's findings that (1) the murder probably would not have occurred absent the assailant's severe intoxication, and (2) an injury or harm of this general nature was foreseeable. *Skipper*, 1 F.3d at 353–54. Citing Section 442 of the *Restatement*, the Fifth Circuit concluded that, even assuming alcohol consumption was a cause-in-fact of the death, the premeditated murder did not constitute an injury of the general character that might reasonably have been anticipated by the assailant's intoxication. *See id.*

■ Whether criminal activity was foreseeable in a particular instance requires "more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995). The violent sexual assaults and murders committed by the gang members when the girls, by chance, stumbled upon their initiation ritual were certainly an "extraordinary" rather than "normal" consequence of Phan's alleged illegal sale of alcohol. *See Donnell v. Spring Sports, Inc.*, 920 S.W.2d 378, 385 (Tex.App.—Houston [1st Dist.] 1996, writ denied) (affirming summary judgment for the defendant on the ground that small

scuffles at a softball park after participants consumed alcohol may be foreseeable, but the "ferocity of this fight and the severity of [plaintiff's] injuries were extraordinary" and not foreseeable as a matter of law); *Yarborough v. Erway*, 705 S.W.2d 198, 203–04 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e) (holding that the third party's sudden violent criminal acts were an unforeseeable consequence of a bar's alleged negligence in serving the intoxicated assailant).

Having established that the gang members' wrongful actions and the harm they inflicted were extraordinary in nature and not of the type generally contemplated by the duty not to furnish alcohol to minors, Phan satisfied the first three elements of Section 442. It is beyond dispute that the remaining factors, which focus on the intervener's wrongful conduct and degree of culpability, support the conclusion that the gang members' acts were a superseding cause of the girls' injuries. The gang members' acts were clearly wrongful, and they were found criminally liable. As to degree of culpability, five of the gang members were ultimately sentenced to death for their heinous crimes, and the sixth was sentenced to forty years in prison.

We conclude that Phan met his summary judgment burden to establish that the gang members' intentional, violent criminal acts were not foreseeable and were a superseding cause of the girls' deaths. By establishing superseding cause, Phan by definition negated the ordinary foreseeability element of proximate cause. Once this element was negated, the plaintiffs could defeat Phan's motion for summary judgment only by presenting evidence that, despite the "extraordinary" and "abnormal" nature of the intervening force, there was some indication at the time of the illegal sale that such a crime would be committed. The only summary judgment proof the plaintiffs offered was testimony from the criminal trial that, immediately before the girls happened upon the assailants, the gang members were "all hyper and drunk," "all worked up," and "getting out of control." This evidence, however, is probative of the assailants' behavior some time after the alleged illegal sale of alcohol. The plaintiffs presented no evidence that the gang members acted in this manner while at the store, nor did they raise any genuine fact issue that Phan should have foreseen the tragic events that occurred that night. Consequently, the trial court correctly granted summary judgment. *See Walker*, 924 S.W.2d at 377–78 (affirming summary judgment for the defendant when the plaintiff failed to bring forth any evidence raising a fact issue on the foreseeability of criminal conduct). Accordingly, we reverse the judgment of the court of appeals and render judgment that the plaintiffs take nothing.

Justice ABBOTT did not participate in the decision.