NO. 07-00-0380-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 7, 2001

______________________________

JANE DOE, through her parent,  MARY DOE, as next friend,

Appellant

v.

REMINGTON HOTELS CORPORATION and 

WEST AMARILLO TEXAS HOTEL LIMITED PARTNERSHIP, 

Appellees

_________________________________

FROM THE 251st DISTRICT COURT OF POTTER COUNTY;

NO. 84,353-C; HON. PATRICK PIRTLE, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Jane Doe, through her next friend, Mary Doe, (JD) appeals from a final summary judgment denying her recovery against Remington Hotels Corporation and West Amarillo Texas Hotel Limited Partnership (collectively referred to as Remington unless otherwise specified).
(footnote: 1)  Her points of error concern whether the trial court erred in executing said judgment.  We affirm.

Background

After sneaking from her house at approximately 4:00 a.m., JD and a female friend ventured to a local hotel owned by Remington to meet a group of young boys.  The boys were there to help one of their own celebrate his thirteenth birthday.  Furthermore, two rooms had been rented at the hotel the evening before by Sam Whittenburg, the birthday boy’s father.  Upon their arrival at the hotel, JD and her friend began ingesting alcoholic beverages with the boys who remained at the party.  Though the evidence is far from uncontradicted, a reading of the record in a light most favorable to JD indicates that she became acutely intoxicated, lost consciousness, and fell victim to non-consensual sexual intercourse with one or more of the boys.
(footnote: 2)    So too does the record indicate that one or more of the boys later expelled her and her friend from the room.  The exact time of the expulsion is not reflected in the record.  

Later that morning while a Remington employee prepared breakfast for hotel guests, he encountered JD’s female friend roaming the hotel seeking assistance for JD.  The latter was found comatose near the hotel’s swimming pools soon thereafter.  Medical personnel subsequently arrived at the scene, as did JD’s mother. JD was then taken to a local hospital where she was diagnosed as suffering from alcohol poisoning.  Furthermore, a rape examination uncovered evidence indicating that JD indeed had been subjected to sexual intercourse.       

JD and her mother subsequently sued Remington, Whittenburg, the taxi service that transported JD from her house to the hotel, and the security service which Remington had hired to patrol the hotel to recover damages to recompense JD’s injuries arising from the purported rape.  The causes of action averred sounded in negligence, negligence 
per se
, gross negligence, and intentional infliction of emotional distress.
(footnote: 3)  Upon joining issue, Remington moved for summary judgment.  The hotel believed itself entitled to same because 1) it was “not a proper party,” 2) “[t]here was no unsafe condition of the property which caused or contributed to cause the occurrence . . . ,” 3) the risk of danger posed by the criminal acts of third-parties was not reasonably foreseeable, 4) it lacked actual or constructive notice of any unreasonable risk of harm, 5) it breached no duty it owed to a trespasser or licensee, which JD supposedly was, 6) it “properly arranged for medical attention,” 7) any delay in which it engaged when securing medical attention for JD did not cause her to suffer any harm, and 8) the curfew law at issue imposed no duty upon Remington subject to breach.  JD responded to the motion, which was later granted.  Finally, in granting summary judgment for Remington, the trial court did not specify the ground or grounds upon which it relied.  

Standard of Review

The standards of review applicable to traditional and no evidence motions for summary judgment are well-settled.  Rather, than discuss them at length now, we simply cite the parties to 
Nixon v. Mr. Property Management Company, 
690 S.W.2d 546, 548 (Tex. 1985) and 
Kimber v. Sideris, 
8 S.W.3d 672, 675 (Tex. App. – Amarillo 1999, no pet.) for a general explanation of same.  

Next, as previously mentioned, JD averred numerous causes of action through her live pleading.  On appeal, however, she merely addresses those relating to negligence, negligence 
per se
, and gross negligence.  And, with regard to those choses-in-action, she contends that the hotel committed negligence by failing to maintain the property in a safe condition and to abide by the curfew ordinance, which negligence resulted in her rape.  So, we need not address whether summary judgment was proper with regard to the other claims.
(footnote: 4)  

Application of Standards
  

No Proximate Cause Due to the Want of Foreseeability

Among other things, Remington alleged in its motion for summary judgment that “[t]here was no unsafe condition of the property which caused or contributed to cause the occurrence in question.”   We, as did the litigants, interpret this ground to attack the existence of proximate cause between the supposed negligent acts of Remington and the rape suffered by JD.  

Next, when assessing the existence of proximate cause we must remember that it consists of two components, cause-in-fact and foreseeability.  
Nixon v. Mr. Properties Mgt. Co.
, 690 S.W.2d 546, 549 (Tex. 1985).  It is the latter component that we consider here.  Foreseeability exists when a person of ordinary prudence should have anticipated the dangers created by the alleged negligent act.  
Id.
 at 550; 
Roth v. FFP Operating Partners, L.P.
,
 
994 S.W.2d 190, 197 (Tex. App.--Amarillo 1999, pet. denied); 
Doe v. Boys Club of Greater Dallas
, 868 S.W.2d 942, 951 (Tex. App.--Amarillo 1994) 
aff’d
, 907 S.W.2d 472 (Tex. 1995).  This standard does not require that the 
precise
 injury suffered be foreseeable.  
Nixon v. Mr. Properties
 
Mgt. Co.
, 690 S.W.2d at 551, 
quoting
, 
Carey v. Pure Distr. Corp.
, 133 Tex. 31,124 S.W.2d 847 (Tex. 1939); 
Doe v. Boys Club of Greater Dallas
, 868 S.W.2d at 951.  Nor does it require that the exact sequence of events producing the injury be foreseeable.  
Dickinson Arms-Reo, L.P. v. Campbell
, 4 S.W.3d 333, 345-46 (Tex. Crim. App.--Houston [1st Dist.] 1999, pet. denied).  Yet, the resulting injury must nevertheless be within the general character of harm which an ordinary person may have reasonably anticipated under the circumstances existent at the time.  
Nixon v. Mr. Properties
 
Mgt. Co.
, 690 S.W.2d at 55-51, 
quoting
, 
Carey v. Pure Distr. Corp.
, 133 Tex. 31,124 S.W.2d 847 (Tex. 1939); 
Doe v. Boys Club of Greater Dallas
, 868 S.W.2d at 951.   Next, in determining whether the injury was subject to reasonable anticipation, hindsight plays no role in the assessment.  
Timberwalk Apts., Partners, Inc. v. Cain
, 972 S.W.2d 749, 757 (Tex. 1998).  That is, one assessing the foreseeability of a particular harm must do more than simply develop, in retrospect, some extraordinary sequence of events linking the supposed negligent conduct to the resulting injury.  
Phan Son Van v. Pena
, 990 S.W.2d 751, 755 (Tex. 1999).    Rather, the fact-finder must theoretically attempt to return to the scene, peruse the circumstances then existing and existing prior thereto, and deduce what a reasonable person knew or should have known given the totality of circumstances.  
See id.
 (stating that whether such risk was foreseeable must not be determined in hindsight but rather in light of what was known or should have been known before the act occurred).  

Next, when the harm emanates from criminal acts of third parties (such as that here), various indicia have been deemed relevant in assessing its foreseeability.  These factors include the proximity of other criminal activity, the frequency of other criminal activity, the similarity between the criminal activity that may have previously occurred and that which gave rise to the harm at bar, and the notoriety of other crimes.  
Timberwalk Apts., Partners, Inc. v. Cain
, 972 S.W.2d at 756-59; 
Dickinson Arms-Reo, L.P. v. Campbell
, 4 S.W.3d at 346.
(footnote: 5)   Whether the harm 1) was extraordinary, 2) was of the type generally contemplated as within the parameters of the duty allegedly breached, and 3) involved a high degree of culpability on the part of a third-party are additional components to the equation of foreseeability.
  Phan Son Van v. Pena
, 990 S.W.2d at 756.  With this said, we turn to the record at bar.     
  
       

Construing it in a light most favorable to JD, evidence exists indicating that a party was had at the hotel which Remington owned, that a number of minors attended the party, that alcohol was consumed by the minors during same, that Whittenburg absented himself from the premises at one time or another, that those involved in the party discarded beer cans by the pool and left the rooms in a disheveled state, that at least one parent witnessed circumstances suggesting that the youths were ingesting alcoholic beverages, that at least one parent thought the unsupervised behavior of those at the party was unacceptable, that guests complained in general to someone about the party (to whom is unknown as is the exact time of the alleged complaints), that JD and her friend entered the hotel at 4:00 a.m. unaccompanied by an adult, that J.D. passed the reception desk several times while entering the hotel at 4:00 a.m. (whether seen or unseen by hotel personnel is not reflected in the record), and that at least one hotel employee heard loud noises indicative of someone in a hurry coming from the area of the rooms shortly before the discovery of JD unconscious and pool side.
(footnote: 6)  Yet, no one attested that the conduct of the children (prior to the rape) entailed physically violent behavior.  Nor is there evidence that aggressive or violent behavior was exemplified by the youths or anyone else at the hotel prior to the assault upon JD.  And, while third-parties may have seen the children’s conduct, no evidence of record permits one to reasonably infer, much less conclude, that hotel personnel saw or were told about aggressive or violent behavior on the part of the party attendees or anyone else prior to the rape.
(footnote: 7)    

Next, to the extent that there appears of record evidence of prior criminal activity on or near the premises of the hotel, that activity encompassed a few instances of vandalism to and theft from motor vehicles parked at the hotel.  Nowhere of record is there evidence that anyone, other than JD, had been the victim of physical confrontation, attack, or behavior while on the property or its environs.  Nor is there evidence that the hotel lies within a high crime area or that anyone, including those attending the party, engaged in any type of assaultive behavior prior to the assault upon her.  And, to the extent that the youths were ingesting alcohol, and assuming 
arguendo
 hotel personnel knew of this (which nothing of record shows), rape by 13 year olds of a fellow 13 year old is not a normal consequence of, or within the general character of injury which may reasonably result from, permitting minors to drink such beverages.  
Phan Son Van v. Pena
, 990 S.W.2d at 755 (holding that sexual assault and murder are extraordinary consequences of and not within the general type of injury reasonably resulting from an assailant’s intoxication); 
Boggs v. Bottomless Pit Cooking Team
, 25 S.W.3d 818, 824-25 (Tex. App.--Houston [14th Dist.] 2000, no pet.) (holding that murder is not the type of harm reasonably resulting from the negligent sale of alcohol to third-parties).  Finally, the rape allegedly perpetrated here involved a high degree of culpability or 
mens rea
 by those who committed it.  It was not something that readily flowed from negligently supervising a party of minors or the property on which the party occurred, omitting to report their ingestion of alcohol, or omitting to report the presence of minors after curfew.
(footnote: 8)  
Id.
   

In view of the foregoing evidence, or lack thereof, and its comparison to the indicia propounded in 
Phan
, 
Timberwalk
, and 
Dickinson
, it cannot be said that the rape of JD was a foreseeable consequence of Remington’s purported negligence, negligence 
per se
, or gross negligence.  Being unforeseeable, the harm about which she complains was not a proximate cause of the misconduct, if any, of Remington.  Consequently, the trial court did not err in granting summary judgment on the issue of proximate cause.
(footnote: 9)
 Accordingly, we affirm the summary judgment.

Brian Quinn

   Justice

Do not publish. 

FOOTNOTES
1:
Though others were sued by JD, this appeal solely involves causes of action asserted against Remington and Amarillo West Texas.  Thus, Remington and Amarillo West Texas are the sole appellees.  

2:
Her friend admitted to consensually engaging in sexual intercourse with another boy while the group was in the room.  

3:
Allegedly, Remington was negligent because it failed to use reasonable care when maintaining the property in a safe condition.  This was so because it allegedly had notice that the party posed an unreasonable risk of harm to JD and was obligated to “take reasonable and prudent actions under the circumstances to reduce or eliminate the risk.”  So too did it purportedly owe her the duty to protect her from criminal and negligent actions of third persons, which duty was allegedly breached when it let the party continue after it knew or should have known that alcoholic beverages were being ingested by minors and the minors were unsupervised.  Other breaches of duty averred against Remington included the failure to render or arrange for prompt medical assistance and to abide by a local curfew ordinance.    

4:
JD argued below that Remington’s negligence, negligence 
per se
, and gross negligence resulted in her suffering a rape and receiving medical treatment.  Before us, however, she complains only of  the rape and how Remington’s conduct proximately caused it.  Nothing is said about any other injury or harm.   So, our review of the case is limited to deciding whether the trial court correctly rejected the claims of negligence, negligence 
per se
, and gross negligence as those claims relate to her rape.

5:
The four indicia mentioned were first discussed by the Supreme Court in 
Timberwalk
.  The latter dealt with foreseeability in relation to the existence of a legal duty as opposed to proximate cause.  That we deal with foreseeability as it relates to proximate cause, however, does not make them any less pertinent.  This is so because some jurists (as does appellant) believe that the foreseeability analysis is the same irrespective of whether the topic is legal duty or causation.  
See e.g. Mellon Mtg. Co. v. Holder
, 5 S.W.3d 654, 659-60 (Tex. 1999) (plurality opinion).  Furthermore, when addressing foreseeability of third party criminal conduct as it pertains to causation, indicia akin to those itemized in 
Timberwalk
 have been deemed worthy of consideration.  They include whether 1) the harm which occurred was extraordinary and not of the type generally contemplated by the duty allegedly breached, 2) the intervention of a third party’s conduct, and 3) the culpability of the third party for his conduct (
i.e.
 intentional or negligent).  
Phan Son Van v. Pena
, 990 S.W.2d 751, 754-56 (Tex. 1999).  So, given that some believe that the analysis is the same and the factors considered are similar, we do not hesitate to draw from authority assessing foreseeability as it relates to either the existence of a legal duty or causation to resolve the dispute at bar.  

6:
The employee who heard the loud noises made clear that they were not suggestive of anyone in need of help or falling prey to assaultive conduct.  Furthermore, while this same employee attested that other hotel guests had complained about the party, he never said that the complaints involved the perception by anyone of violent behavior.  He merely indicated that one or more guests told him the next morning that they complained about the party.

7:
This circumstance distinguishes the situation before us from that involved in 
Eastep v. Jack-in-the-Box, Inc.
, 546 S.W.2d 116 (Tex. Civ. App.–Houston [14
th
 Dist.] 1977, writ ref’d n.r.e.), a case upon which JD heavily relies.  In 
Eastep
, the defendant’s employees actually witnessed  the abusive and violent behavior unfolding at a time that afforded them opportunity to react.  Here, the record is barren of such evidence.

8:
Even though violation of the curfew laws may constitute negligence 
per se
, JD rightfully concedes that the negligence must still proximately cause the injury.  
Nixon v. Mr. Property Mgt. Co.
, 690 S.W.2d 546, 549 (Tex. 1985).  

9:
Our holding relieves us from having to address JD’s other contentions on appeal.