11th Court of Appeals








11th Court
of Appeals

Eastland,
Texas

Opinion

 

Frank Abbott, Sr. et al

Appellants

Vs.                   No.
11-01-00245-CV B Appeal from Collin County                                        

Irving Boyes and Stephen K. Morehead

Appellees

 

Appellants
sued appellees for damages related to certain loans made by them to companies
with which appellees were associated. 
They sought to recover approximately $6,000,000 in damages.  The trial court granted summary judgments in
favor of appellees.[1]  We affirm.

The summary
judgment record shows that appellants made loans to Chartwell Healthcare, Inc.
and associated corporate entities (Chartwell) 
from 1994 until 1997.  Appellants
claim that Irving D. Boyes, Stephen K. Morehead, Donald R. Iglehart, and J.
Marc Hesse were connected with those entities as officers and directors or
otherwise.[2]  In July 1998, Chartwell stopped making
payments to appellants on the loans. 
Additionally, Chartwell filed for bankruptcy later that year.             Appellants
sued appellees in connection with the loans. 
Although they had originally pleaded several causes of action,
appellants now state that the posture of this case in this court is one which involves
Afraud and fraudulent inducement claims.@[3]  The
fraud involved alleged misrepresentations made by appellees to appellants
concerning security for the loans (accounts receivable) and perfection of their
interest in that security by proper filings.             








Appellants
brought their motions for summary judgment in the trial court on traditional
grounds under TEX.R.CIV.P. 166a(c) and, in the alternative, on no-evidence
grounds under TEX.R.CIV.P. 166a(i). 
When the movant establishes that there is no genuine issue of material
fact and that he is entitled to judgment as a matter of law, a trial court must
grant a traditional motion for summary judgment.  See Rule 166a(c).  A
movant demonstrates his right to summary judgment by negating an element of
each of the non-movant=s
claims or by establishing all elements of an affirmative defense to each of the
plaintiff=s claims. 
Phan Son Van v. Peña, 990 S.W.2d 751, 753 (Tex.1999); American Tobacco
Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997).  After the movant demonstrates his right to
summary judgment, the non-movant is required to come forward with some evidence
or law that precludes the summary judgment. 
City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678-79
(Tex.1979); In re Estate of Fawcett, 55 S.W.3d 214, 217 (Tex.App. B Eastland 2001, pet=n den=d).  When reviewing a
traditional summary judgment, we accept as true all evidence favorable to the
non-movant, recognizing every reasonable inference and resolving all doubts in
favor of the non-movant.  American
Tobacco Company, Inc. v. Grinnell, supra at 425; Hight v. Dublin Veterinary
Clinic, 22 S.W.3d 614, 619 (Tex.App. B Eastland 2000, pet=n den=d).

When
reviewing a no-evidence motion for summary judgment, the trial court must grant
the motion unless the non-movant brings forth evidence which raises a genuine
issue of material fact upon the challenged elements of the cause of action.  See Rule 166a(i).  As with a traditional summary judgment, we review the evidence in
the light most favorable to the non-movant, accept as true all evidence
favorable to the non-movant, and recognize every reasonable inference and resolve
all doubts in favor of the non-movant. 
American Tobacco Company, Inc. v. Grinnell, supra at 425; Hight v.
Dublin Veterinary Clinic, supra at 619. 
However, we review only the summary judgment evidence presented by the
non-movant.  Hight v. Dublin Veterinary
Clinic, supra at 618-19.  A no-evidence
summary judgment is improper where the non-movant presents more than a
scintilla of evidence on the disputed element. 
Hight v. Dublin Veterinary Clinic, supra at 619.

In their
first argument on appeal, appellants assert that the trial court erred when it
granted the summary judgments because more than a scintilla of evidence existed
in support of each element of their fraud cause of action and that, therefore,
a material fact issue was raised. 








The
elements of a fraud or fraudulent inducement cause of action are:  that a material representation was made by
appellants; that the representation was false; that it was either known to be
false when made or that it was made without any knowledge of the truth; that
the representation was intended to be acted upon; that it was relied upon; and
that it caused injury.  DeSantis v.
Wackenhut Corporation, 793 S.W.2d 670, 688 (Tex.1990)(citing Stone v. Lawyers
Title Insurance Corporation, 554 S.W.2d 183, 185 (Tex.1977)).

Appellees
urged in their summary judgment motions that they made no representations to
any appellant and that, because there were no representations made, there could
be no reliance.  Appellees further claim
that appellants have presented no evidence which raised a material fact issue
as to those elements of appellants= proof. 

In his
affidavit, Morehead stated that he had no contact with the majority of
appellants until July or August 1998, after the loans had been completed in
1997.  He did state that he met with
four appellants (Frank Abbott, Sr.; Jim Byrd; Garland Farmer; and Joe Knox)
prior to 1998 but that he had no substantive discussions regarding the loans or
the security for the loans.  Also, as
vice president of finance, he was not involved with daily financial matters or
the loan transactions at issue in this case. 
    

Boyes was
an officer and director of Chartwell. 
In his affidavit, Boyes stated that he had no contact with appellants
prior to July or August 1998, that he was not involved in soliciting the loans
which are at issue, and that he made no statements he believed to be
untrue.  








Appellees
also presented deposition testimony and responses to discovery in which
they  claimed that no misrepresentations
were made and that there was no reliance. 
In his deposition, Lee B. Lynch, Jr., an appellant, testified that,
except for a brief encounter where he and Morehead discussed an administrative
matter, he did not speak again with Morehead until after Chartwell defaulted on
the loans.  He further testified that he
never met or spoke with Boyes.  Lynch
stated that he relied on brochures and statements made by Ken Kimbrough when
making the loans to Chartwell. 
Appellants argue on appeal that some of the representations made to them
were made by Kimbrough.  They maintain
that Kimbrough was an agent for appellees and that his statements were
attributable to appellees.  The agency
theory was not supported by the summary judgment evidence.  While there might have been some evidence
that Kimbrough was Chartwell=s agent, there was no summary judgment evidence that he was appellees= agent. 
Further, appellants= theory that Kimbrough was appellees= agent was not presented to the trial court and cannot be raised for
the first time on appeal.  TEX.R.APP.P.
33.1.

In his deposition,
William Clifford Martin, III, an appellant, testified that he did not meet with
appellees in connection with his decision to make the loan to Chartwell but
that he met with them only after Chartwell defaulted on the loans.    

Frank
Abbott, Sr., an appellant, stated in his affidavit that he met Boyes once,  in August 1998, after the default.  Abbott had several contacts with
Morehead.  He stated that Morehead
assured him that the security interest in the loans Awould be perfected@ but that Morehead never spoke about who was
responsible for filing the appropriate documentation or the form of the
documentation. 

In his
affidavit, Lynch did not state when the information provided by Morehead was
given to him.  He stated that, in 1998,
it was discovered that there were additional investors who had not been
disclosed.  There is neither a statement
of a specific misrepresentation made to induce Lynch to make the loan nor any
statement that he relied on any such misrepresentation.








Martin=s and Abbott=s affidavits are virtually identical to Lynch=s except that they state that Morehead spoke
to them in August 1998.  Abbott filed a
second affidavit on March 19, 2001, in response to Boyes= motion for summary judgment, which stated
for the first time that Boyes assured Abbott in a 1995 phone conversation that
necessary forms to perfect the security interest would be prepared and
filed.  The other motions for summary
judgment had already been granted at this time.  In this affidavit, Abbott stated that he had omitted this
information from his earlier affidavit but that his attorney had now furnished
him materials which refreshed his memory about this conversation.  Boyes= motion for summary judgment was granted on March 28, 2001.  We accept as true all evidence in favor of
the non-movants, and we recognize every reasonable inference and resolve all
doubts in favor of the non-movants.  
American Tobacco Company, Inc. v. Grinnell, supra at 425; Hight v.
Dublin Veterinary Clinic, supra at 619.  
However, this affidavit does not provide even a scintilla of evidence
that any statement was false at the time that it was made, that it was known by
Boyes to be false when made, that the statement was intended to be acted upon
by appellants, that it was relied upon, or that it caused injury to
appellants.   The evidence must relate
to the time that the statement was made; here, it does not.  See Formosa Plastics Corporation USA v.
Presidio Engineers and Contractors, Inc., 960 S.W.2d 41, 48 (Tex.1998).

When
considering a traditional summary judgment, if the movant has negated an
element of each of the non-movant=s claims, then it is incumbent upon the non-movant to come forward with
some evidence which raises a material fact issue or with points of law in order
to preclude the summary judgment.  City
of Houston v. Clear Creek Basin Authority, supra at 678-79; In re Estate of
Fawcett, supra at 217.  For the reasons
we have stated, appellants have not done so here. 

When
considering the no-evidence motions for summary judgment, the non-movants must
have produced evidence which raised material fact issues relating to those
elements of the causes of action which were challenged by appellees in their
motions for summary judgment.  In
determining whether the non-movants have met that burden, we will consider only
such summary judgment evidence as is offered by the non-movants.  Hight v. Dublin Veterinary Clinic, supra at
618-19.  For the same reasons that
appellants did not meet their burden of coming forward with summary judgment
evidence in the traditional summary judgment setting, appellants have not met
their burden on the no-evidence motions for summary judgment.  

The trial
court did not state the grounds upon which the summary judgments were
based.  Therefore, the trial court=s ruling will be upheld if correct on any
legal theory alleged by appellees. 
Harwell v. State Farm Mutual Automobile Insurance Company, 896 S.W.2d
170, 173 (Tex.1995).  Because the trial
court did not err when it granted the motions for summary judgment, appellants= issue on appeal is overruled.  Consequently, we need not discuss appellants= additional arguments on appeal.  TEX.R.APP.P. 47.1.

The
summary judgments of the trial court as to Irving Boyes and Stephen K. Morehead
are affirmed.

 

JIM
R. WRIGHT

May 23, 2002                                                                          JUSTICE

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]Morehead, Hesse, Iglehart, and Boyes filed individual
motions for summary judgment after appellants filed their first amended
original petition.  Each motion adopted
the grounds and evidence in all the other motions for summary judgment. 





[2]Appellants=
motions to dismiss Iglehart and Hesse from their appeal were granted by this
court.





[3]Appellants filed a supplement to the first amended
petition after the motions for summary judgment were filed.  The appellees=
motions for summary judgment were still viable as to the causes of action pleaded
by appellants in the later petition because 
there were common elements of the claims; the statutes of limitations
were longer as to the later claims.  A
summary judgment may be granted on later-pleaded causes of action if the
grounds put forth in the motion show there could be no recovery on the
later-pleaded causes of action. 
McIntyre v. Wilson, 50 S.W.3d 674, 685 (Tex.App. B Dallas 2001, pet=n
den=d).