

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-11-00189-CV

TUNG TOMMY TRAN                                                        APPELLANT

V.

COMPASS BANK                                                          APPELLEE

----------

## FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Tung Tommy Tran appeals the trial court's grant of summary judgment in favor of Appellee Compass Bank. We will affirm.

Royalbend Investments, L.L.P. executed a promissory note in the amount of $135,000 payable to Compass. To secure payment of the indebtedness evidenced by the promissory note, Royalbend executed a deed of trust for the benefit of Compass, which created a secured lien on real property located in

---

[1]*See* Tex. R. App. P. 47.4.

Arlington. Tran also executed a guaranty agreement in which he unconditionally guaranteed and promised to pay to Compass "any and all indebtedness of ROYALBEND INVESTMENTS, LLP." As part of the guaranty agreement, Tran waived "any rights or defenses based . . . upon an offset" that he may have against any obligation or indebtedness owed pursuant to the guaranty agreement.

Royalbend defaulted on its obligations under the promissory note, and Compass exercised its right to sell the Arlington property at a nonjudicial foreclosure sale. After the proceeds from the foreclosure sale were applied to the indebtedness under the promissory note, a deficiency balance in the amount of approximately $43,000 remained due and owing.

Compass sued Tran under the guaranty agreement to recover the deficiency owed by Royalbend and moved for summary judgment on that claim. In his response, Tran cited property code section 51.003 and argued that summary judgment was improper because the trial court had yet to determine the fair market value of the property sold at the foreclosure sale and, therefore, "the amount of the offsets and credits" to which Tran was entitled against the deficiency. The trial court granted Compass summary judgment and awarded it $49,658.50 plus attorneys' fees. As part of the judgment, the trial court determined that Tran had "waived, under the terms of the [guaranty agreement] at issue, any right to a judicial determination of the fair market value of the subject property."

2

In his sole issue, Tran argues that the trial court erred by granting Compass summary judgment on its deficiency claim because a fact issue exists as to the amount of the deficiency owed to Compass. Tran contends that the "inconspicuous, boilerplate, generic" language contained in the guaranty agreement referring to the waiver of "any rights or defenses based . . . upon an offset" "cannot be interpreted as an intentional relinquishment of a known right to a judicial determination of fair market value" because the waiver "does not make any reference to any rights that [he] has or may have under Texas law or the Texas Property Code." In other words, Tran argues that the contractual waiver is not sufficiently specific to waive his statutory right to a determination of the fair market value of the property and any possible offset against the deficiency owed because the waiver does not reference property code section 51.003.

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review a summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

It is well established that the primary concern of the court when construing a written contract is to ascertain and give effect to the intent of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). We give contract terms their plain and ordinary meaning unless the instrument

3

indicates the parties intended a different meaning. *Heritage Res., Inc. v. NationsBank*, 939 S.W.2d 118, 121 (Tex. 1996).

In this case, Tran did not agree to waive some or certain rights or defenses to an offset against the deficiency; rather, he agreed to waive "*any* rights or defenses based, in whole or in part, upon an offset by any one or more of the Borrowers or Guarantors against any obligation or Indebtedness now or hereafter owed." [Emphasis added.] By agreeing to waive "any" rights or defenses based upon an offset, Tran agreed to foreclose his right to invoke *all* separate rights or defenses to an offset against the deficiency owed—whether statutory or otherwise. This broad waiver thus encompasses property code section 51.003, which entitles a guarantor to an offset against a deficiency owed when the fair market value of a foreclosed property exceeds the property's sale price. *See* Tex. Prop. Code Ann. § 51.003(b), (c) (West 2007) (providing that if "the fair market value is greater than the sale price of the real property at the foreclosure sale, the persons against whom recovery of the deficiency is sought are entitled to an offset against the deficiency in the amount by which the fair market value . . . exceeds the sale price"). Notwithstanding the fact that Tran directs us to no authority to support his argument that the contractual waiver was not sufficiently specific to waive his right to a statutory offset under property code section 51.003 because it did not reference section 51.003, the effect of the comprehensive language that Tran agreed to in the guaranty agreement—"any rights or defenses"—negated any need to specifically reference each and every

4

possible source from which he would or could have a right to an offset against the deficiency owed.

Further, the Fifth Circuit has considered whether a guarantor can waive the right to an offset under property code section 51.003. *See LaSalle Bank Nat'l Ass'n v. Sleutal*, 289 F.3d 837, 839 (5th Cir. 2002). Although not the precise question that we address here, *Sleutal*'s analysis is instructive because, similar to the language that Tran agreed to in this case, the guarantor in that case agreed to waive "any defense, right of offset or other claim which Guarantor may have." *Id.* at 840. In holding that the guarantor could, and indeed did, waive any right of offset that he may have under property code section 51.003, the court effectively reasoned that the language used in the guaranty was sufficient to encompass any right of offset under section 51.003. *Id.* at 842; *see also Capital One, N.A. v. Jolly*, No. H-11-1113, 2011 WL 5290623, at *4 (S.D. Tex. Nov. 2, 2011) (mem. op.) (holding that defendant waived right to offset under terms of guaranty, which included "any defense, right of set-off or counterclaim which any Obligor may have or assert" language).

Accordingly, the language of the guaranty agreement was sufficient to waive Tran's right to a determination of the fair market value of the foreclosed property for purposes of obtaining an offset against the deficiency owed pursuant to property code section 51.003. While Compass met its initial summary judgment burden on its deficiency claim against Tran, Tran failed to come forward with competent controverting evidence raising a genuine fact issue as to

5

the amount of the deficiency sought to be recovered by Compass. *See* Tex. R. Civ. P. 166a(c); *Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999). We hold that the trial court did not err by granting Compass's motion for summary judgment, and we affirm the trial court's judgment.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED: January 12, 2012