02-11-189-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00189-CV

 

 


 
 
 Tung Tommy Tran
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Compass Bank
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 153rd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Tung Tommy Tran appeals the trial court’s grant of summary judgment in favor of
Appellee Compass Bank.  We will affirm.

          Royalbend
Investments, L.L.P. executed a promissory note in the amount of $135,000
payable to Compass.  To secure payment of the indebtedness evidenced by the
promissory note, Royalbend executed a deed of trust for the benefit of Compass,
which created a secured lien on real property located in Arlington.  Tran also executed
a guaranty agreement in which he unconditionally guaranteed and promised to pay
to Compass “any and all indebtedness of ROYALBEND INVESTMENTS, LLP.”  As part
of the guaranty agreement, Tran waived “any rights or defenses based . . .
upon an offset” that he may have against any obligation or indebtedness owed
pursuant to the guaranty agreement.

          Royalbend
defaulted on its obligations under the promissory note, and Compass exercised
its right to sell the Arlington property at a nonjudicial foreclosure sale. 
After the proceeds from the foreclosure sale were applied to the indebtedness under
the promissory note, a deficiency balance in the amount of approximately $43,000
remained due and owing.

          Compass
sued Tran under the guaranty agreement to recover the deficiency owed by
Royalbend and moved for summary judgment on that claim.  In his response, Tran
cited property code section 51.003 and argued that summary judgment was
improper because the trial court had yet to determine the fair market value of
the property sold at the foreclosure sale and, therefore, “the amount of the
offsets and credits” to which Tran was entitled against the deficiency.  The
trial court granted Compass summary judgment and awarded it $49,658.50 plus
attorneys’ fees.  As part of the judgment, the trial court determined that Tran
had “waived, under the terms of the [guaranty agreement] at issue, any right to
a judicial determination of the fair market value of the subject property.”

          In
his sole issue, Tran argues that the trial court erred by granting Compass
summary judgment on its deficiency claim because a fact issue exists as to the
amount of the deficiency owed to Compass.  Tran contends that the
“inconspicuous, boilerplate, generic” language contained in the guaranty
agreement referring to the waiver of “any rights or defenses based . . .
upon an offset” “cannot be interpreted as an intentional relinquishment of a
known right to a judicial determination of fair market value” because the
waiver “does not make any reference to any rights that [he] has or may have
under Texas law or the Texas Property Code.”  In other words, Tran argues that
the contractual waiver is not sufficiently specific to waive his statutory right
to a determination of the fair market value of the property and any possible
offset against the deficiency owed because the waiver does not reference
property code section 51.003.

          In
a summary judgment case, the issue on appeal is whether the movant met the
summary judgment burden by establishing that no genuine issue of material fact
exists and that the movant is entitled to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,
289 S.W.3d 844, 848 (Tex. 2009).  We review a summary judgment de novo.  Travelers
Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010).

          It
is well established that the primary concern of the court when construing a
written contract is to ascertain and give effect to the intent of the parties
as expressed in the instrument.  Coker v. Coker, 650 S.W.2d 391, 393
(Tex. 1983).  We give contract terms their plain and ordinary meaning unless
the instrument indicates the parties intended a different meaning.  Heritage
Res., Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996).

          In
this case, Tran did not agree to waive some or certain rights or defenses to an
offset against the deficiency; rather, he agreed to waive “any rights or
defenses based, in whole or in part, upon an offset by any one or more of the
Borrowers or Guarantors against any obligation or Indebtedness now or hereafter
owed.”  [Emphasis added.]  By agreeing to waive “any” rights or defenses based
upon an offset, Tran agreed to foreclose his right to invoke all separate
rights or defenses to an offset against the deficiency owed—whether statutory
or otherwise.  This broad waiver thus encompasses property code section 51.003,
which entitles a guarantor to an offset against a deficiency owed when the fair
market value of a foreclosed property exceeds the property’s sale price.  See
Tex. Prop. Code Ann. § 51.003(b), (c) (West 2007) (providing that if “the
fair market value is greater than the sale price of the real property at the
foreclosure sale, the persons against whom recovery of the deficiency is sought
are entitled to an offset against the deficiency in the amount by which the
fair market value . . . exceeds the sale price”).  Notwithstanding
the fact that Tran directs us to no authority to support his argument that the
contractual waiver was not sufficiently specific to waive his right to a
statutory offset under property code section 51.003 because it did not reference
section 51.003, the effect of the comprehensive language that Tran agreed to in
the guaranty agreement—“any rights or defenses”—negated any need to
specifically reference each and every possible source from which he would or
could have a right to an offset against the deficiency owed.

          Further,
the Fifth Circuit has considered whether a guarantor can waive the right to an
offset under property code section 51.003.  See LaSalle Bank Nat’l Ass’n v.
Sleutal, 289 F.3d 837, 839 (5th Cir. 2002).  Although not the precise
question that we address here, Sleutal’s analysis is instructive
because, similar to the language that Tran agreed to in this case, the
guarantor in that case agreed to waive “any defense, right of offset or other
claim which Guarantor may have.”  Id. at 840.  In holding that the
guarantor could, and indeed did, waive any right of offset that he may have
under property code section 51.003, the court effectively reasoned that the
language used in the guaranty was sufficient to encompass any right of offset
under section 51.003.  Id. at 842; see also Capital One, N.A.
v. Jolly, No. H-11-1113, 2011 WL 5290623, at *4 (S.D. Tex. Nov. 2,
2011) (mem. op.) (holding that defendant waived right to offset under terms of
guaranty, which included “any defense, right of set-off or counterclaim which
any Obligor may have or assert” language).

          Accordingly,
the language of the guaranty agreement was sufficient to waive Tran’s right to
a determination of the fair market value of the foreclosed property for
purposes of obtaining an offset against the deficiency owed pursuant to property
code section 51.003.  While Compass met its initial summary judgment burden on
its deficiency claim against Tran, Tran failed to come forward with competent
controverting evidence raising a genuine fact issue as to the amount of the
deficiency sought to be recovered by Compass.  See Tex. R. Civ. P.
166a(c); Van v. Pena, 990 S.W.2d 751, 753 (Tex. 1999).  We hold that the
trial court did not err by granting Compass’s motion for summary judgment, and
we affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT, MEIER,
and GABRIEL, JJ.

 

DELIVERED:  January 12, 2012









[1]See Tex. R. App. P. 47.4.