

# NUMBER 13-12-00405-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| HOSPITAL HOUSEKEEPING SYSTEMS, LTD., | Appellant, |
| **v.** | |
| MCALLEN HOSPITALS, L.P. D/B/A MCALLEN MEDICAL CENTER, | Appellee. |

## On appeal from the County Court at Law No.7 of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez**

By three issues, appellant, Hospital Housekeeping Systems, Ltd. ("HHS"), appeals from a summary judgment granted in favor of appellee, McAllen Hospitals, L.P. d/b/a McAllen Medical Center ("MMC"). HHS further appeals the trial court's denial of its motion for summary judgment. We reverse and render.

## I. BACKGROUND

HHS and MMC entered into a contract containing an indemnity agreement stating, in relevant part, the following: "HHS shall indemnify [MMC] from all liability arising from any negligent or wrongful acts or omissions by HHS or its representatives in the performance of services provided in this Agreement." In the agreement, HHS agreed to provide housekeeping services to MMC by, among other things, sweeping, mopping, and cleaning up emergency spillage.

On October 3, 2007, Maria Juarez filed suit against HHS for negligence claiming, among other things, that HHS failed to maintain the MMC premises in a reasonably safe manner and as a result, she sustained an injury after slipping and falling.[1]

On January 27, 2010, HHS filed a motion to designate MMC as a responsible third party claiming that MMC was negligent and thus, was responsible for Juarez's injury. The trial court granted HHS's motion to designate MMC as a responsible third party. On February 3, 2010, Juarez filed her first amended original petition, adding MMC as a defendant. MMC filed an answer to Juarez's petition.

MMC then filed a cross-claim against HHS for indemnity requesting for the trial court to award "any and all sums [MMC] may be compelled to pay to [Juarez] as a result of the occurrence made the basis of [Juarez's] lawsuit." In the alternative, MMC claimed it was "entitled to contribution from [HHS] for any liability that may be found to exist from [MMC] to [Juarez] as a result of the occurrence made the basis of [Juarez's] lawsuit." MMC also asked the trial court to award "all costs of suits" to MMC.

---

[1] Juarez is not a party to this appeal.

On February 29, 2010, Juarez filed a motion for non-suit as to all defendants. Thus, Juarez's claims against HHS and MMC were dismissed. As a result, there was no determination that either HHS or MMC committed any negligence. MMC filed a traditional motion for summary judgment claiming only that it was entitled to indemnification based on the contract and requesting any sums it paid due to Juarez's lawsuit.[2] HHS filed a response and also filed a no-evidence motion for summary judgment against MMC. MMC did not reply to HHS's no-evidence motion for summary judgment. The trial court granted MMC's motion and denied HHS's motion as being moot. This appeal followed.

## II.     STANDARD OF REVIEW

"Rule 166a provides a method of summarily terminating a case when it clearly appears that only a question of law is involved and that there is no genuine fact issue." *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222 (Tex. 1999) (citing *Swilley v. Hughes*, 488 S.W.2d 64, 68 (Tex. 1972)). We review the granting of a traditional motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Branton v. Wood*, 100 S.W.3d 645, 646 (Tex. App.—Corpus Christi 2003, no pet.). "[W]e take as true all evidence favorable to the non[-]movant, and we indulge every reasonable inference and resolve any doubts in the non[-]movant's favor." *Valence Operating Co.*, 164 S.W.3d at 661.

In a traditional motion for summary judgment, the movant has the burden to establish that no genuine issue of material fact exists and that he is entitled to judgment

---

[2] MMC did not produce any summary judgment evidence showing that it paid any sums due to Juarez's lawsuit.

3

as a matter of law.  *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002) (citing TEX. R. CIV. P. 166a(c)); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).  "The non-movant has no burden to respond to a summary judgment motion unless the movant conclusively establishes its cause of action or defense."  *Rhone-Poulenc, Inc.*, 997 S.W.2d at 222.  If however, the movant meets its summary judgment burden, the burden shifts to the non-movant to produce summary judgment evidence that raises a fact issue.  *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999).  Thus, a plaintiff moving for a traditional summary judgment must establish each element of its claim as a matter of law.  *See* TEX. R. CIV. P. 166a(c); *City of Houston*, 589 S. W.2d at 678.

A party may also move for summary judgment on the ground that no evidence exists of one or more essential elements of a claim on which the adverse party bears the burden of proof at trial.  TEX. R. CIV. P. 166a(i); *Timpte Inds., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).  Once the motion is filed, the burden shifts to the non-movant to produce evidence raising a genuine issue of material fact on the elements specified in the motion.  TEX. R. CIV. P. 166a(i); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).  If the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact, summary judgment is improper.  *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).  More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions," while less than a scintilla exists when the evidence is "so weak as to do no more than create mere surmise or suspicion."  *Id.*; *Reynosa v. Huff*, 21 S.W.3d 510, 512 (Tex. App.—San

4

Antonio 2000, no pet.). "When reviewing a no-evidence summary judgment, we 'review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.'" *Timpte Inds., Inc.*, 286 S.W.3d at 310. When both parties move for summary judgment and the trial court grants one and denies the other, we review all of the evidence and render the judgment the trial court should have rendered. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 874 (Tex. 2000).

### III. DISCUSSION

Because it is dispositive of this appeal, we will address HHS's third issue only. *See* TEX. R. APP. P. 47.1. By its third issue, HHS argues that summary judgment in favor of MMC was improper and that the trial court should have granted its motion for summary judgment because "no liability" of either party could "arise from any possible negligent or wrongful acts or omissions and [Juarez's] claims are forever barred."

MMC claims that we should affirm the trial court's summary judgment granted in its favor because HHS is required to indemnify MMC for liability MMC incurred as a result of Juarez's suit. MMC relies on the indemnification clause contained in its contract with HHS, which states that HHS is required to indemnify MMC (and vice versa) "from all liability *arising from any negligent or wrongful acts or omissions by HHS or its representatives in the performance of services provided in this Agreement*." (Emphasis added). Thus, in order to prevail on summary judgment, MMC had to prove as a matter of law that it incurred a liability which "arose from" the negligent or wrongful acts or omissions of HHS or its representatives in the performance of services provided

5

in the contract. MMC appears to argue that the liability it incurred was in the form of its expenses in defending Juarez's suit. Arguably, MMC provided summary judgment evidence that Juarez sued MMC after HHS designated it as a responsible third party.[3] However, MMC has provided no summary judgment evidence that the expenses it incurred "arose from" the negligent or wrongful acts or omission of HHS or its representatives in the performance of services provided pursuant to the contract.[4]

As the movant, MMC did not meet its burden of establishing that it was entitled to summary judgment as a matter of law. *See Sw. Elec. Power Co.*, 73 S.W.3d at 215. Thus, we conclude that the trial court's summary judgment rendered in favor of MMC was improper.

HHS moved for summary judgment on the basis that no evidence existed that MMC incurred liability that arose from HHS's negligence. As the plaintiff suing for indemnification, MMC had the burden of proving it is entitled to indemnification pursuant to the contract. Thus, MMC had the burden of bringing forth more than a scintilla of evidence that it had incurred a liability that "*arose from*" HHS's negligent or wrongful act or omission.[5] MMC did not file a response to HHS's no evidence motion for summary

---

[3] The summary judgment evidence submitted to the trial court by MMC includes the following: (1) Juarez's original petition alleging that HHS had committed negligent acts or omissions resulting in her injury; (2) Juarez's first amended original petition, alleging that MMC and HHS committed negligent acts resulting in her injury; (3) MMC's cross-claim against HHS, alleging that pursuant to their agreement, HHS must indemnify MMC "for any and all sums for which it may be alleged liable to the Plaintiff"; (4) Juarez's notice of non-suit; (5) HHS's certificate of liability insurance; (6) HHS's motion asking the trial court to designate MMC as a responsible third party; (7) the agreed order granting HHS's motion to designate MMC as a responsible third party; and (8) HHS's agreement to provide services to MMC. This evidence only shows that Juarez sued MMC after HHS requested the trial court to designate MMC as a responsible third party. There is nothing contained in these documents regarding whether HHS was negligent.

[4] We further note that MMC produced no evidence regarding any expenses related to Juarez's lawsuit.

[5] As stated above, the indemnity clause provided for indemnification of any incurred liability that "arose from" the other party's negligence.

6

judgment. And as stated above, MMC has not produced any evidence establishing that it incurred any liability arising from any negligent or wrongful acts or omissions by HHS or its representatives in the performance of services provided in their agreement. Therefore, based on our de novo review, we conclude that MMC's motion for summary judgment should be denied, and HHS's motion for no evidence summary judgment should be granted. We sustain HHS's third issue.

## IV. CONCLUSION

We reverse the trial court's order granting summary judgment insofar as it grants MMC's motion for summary judgment and denies HHS's motion for summary judgment, and we render judgment in favor of HHS.

_____
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
9th day of May, 2013.

7