Reversed and Remanded and Opinion filed September 12, 2002









Reversed and Remanded and Opinion filed September 12, 2002.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-00-00138-CV

____________

 

SPRING CUSTOM LOG HOMES, INC., Appellant

 

V.

 

BOB BRENT BERRY, ADMINISTRATOR WITH
WILL ANNEXED OF THE ESTATE OF B. BLAKE BERRY, DECEASED, Appellee

 



 

On
Appeal from the Probate Court Number One

Harris County, Texas

Trial
Court Cause No. 290,609-401

 



 

O P I N I O N

Appellant, Spring Custom Log Homes, Inc., appeals an order
granting summary judgment in favor of Appellee, Bob Brent Berry, Administrator
with Will Annexed of the Estate of B. Blake Berry.  We reverse and remand.

I. 
background








On December 5, 1995, Spring Custom and B. Blake Berry entered
into a contract in which Spring Custom agreed to build a home for Berry at a
price of $560,000.  On March 6, 1996,
Spring Custom and Berry entered into a Builder’s and Mechanic’s Lien Contract
and Transfer which provided Berry would retain ten percent of the contract
price during construction and for thirty days after completion as required by
Section 53.101 of the Texas Property Code. 
See Tex.  Prop. 
Code Ann. ' 53.101 (Vernon 1995).[1]  This amount is commonly referred to as “retainage.”
 See id.  Berry secured a construction loan from Austin
County State Bank in the amount of $560,000. 
The Bank made progress payments to Spring Custom, but withheld ten
percent retainage from each payment.  The
contract price and Berry’s loan eventually increased to $675,000 because Berry
requested modifications as construction progressed.  On November 15, 1996, Berry and Spring Custom
submitted a request to the Bank for the final amount due under the
contract.  After the Bank paid the final
amount, the amount withheld as retainage was $67,500.  On December 1, 1996, the Bank tendered the
$67,500 to Austin County Title & Abstract Company.

Berry died on May 13, 1997. 
Spring Custom filed two claims against Berry’s Estate: (1) a secured
claim in the amount of $126,114, which included the $67,500 retainage, and (2)
an unsecured claim in the amount of $35,000. 
After the Estate rejected both claims, Spring Custom filed this suit
complaining of the Estate’s refusal to pay the claims.  Subsequently, Austin County Title &
Abstract Company tendered the $67,500 into the registry of the Probate
Court.  The Estate filed a motion for
summary judgment challenging Spring Custom’s secured and unsecured claims








The Probate Court granted summary judgment in favor of the
Estate.  This appeal followed.  In two issues, Spring Custom contends the
Probate Court erred in granting the Estate=s motion for summary judgment because
the summary judgment evidence established a genuine issue of material fact as
to who rightfully owned the retainage.[2]  On appeal, Spring Custom limits its complaint
to the Estate’s rejection of the $67,500 claim contained within the secured
claim.[3]  Thus, grounds brought by the Estate
supporting summary judgment against Spring Custom’s unsecured claim need not be
addressed.

II.  Discussion

A.  Standard of Review








The applicable standard of review is whether the summary
judgment movant established the absence of any genuine issue of material fact,
and that it is entitled to judgment as a matter of law on the grounds set forth
in its motion.  Pustejovsky v. Rapid‑American
Corp., 35 S.W.3d 643, 645‑46 (Tex. 2000); Nixon v. Mr. Property
Management Co., Inc., 690 S.W.2d 546, 548 (Tex. 1985).  A defendant must establish its right to
summary judgment on the issues expressly presented to the trial court by
conclusively proving all elements of its defense as a matter of law.  Rhone‑Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999).  We
accept all evidence favorable to the non-movant as true, indulge it with every
favorable reasonable inference, and resolve any doubts in its favor.  Phan Son Van v. Pena, 990 S.W.2d 751,
753 (Tex. 1999).  Because the Probate
Court’s order did not specify the grounds for its ruling, we will affirm if any
of the theories advanced in the motion for summary judgment are meritorious.  See Carr v. Brasher, 776 S.W.2d 567,
569 (Tex. 1989).  Finally, because the
propriety of summary judgment is a question of law, we review the Probate Court’s
decision de novo.  Natividad v.  Alexsis, Inc., 875 S.W.2d 695, 699 (Tex.
1994).  We will apply the foregoing
standard to each ground brought by the Estate in its summary judgment motion.

B. 
Motion for Summary Judgment

1.  Secured claim not in proper form 

As its first ground for summary judgment, the Estate asserts
it properly rejected Spring Custom’s secured claim because “[t]he claim failed
either to provide (1) an original or copy of any written instrument giving rise
to a preferred debt and lien claim or (2) a sworn statement stating the facts
upon which the claim was based if not founded on a written instrument or
account.”

We will apply the Probate Code’s requirements for money
claims against an estate to Spring Custom’s claim in order to test the validity
of the Estate’s two challenges to the form of Spring Custom’s secured money
claim.  First, section 301 applies to
liquidated claims, which is the nature of Spring Custom’s secured money claim,
and requires the claim to “be supported by an affidavit that the claim is just
and that all legal offsets, payments, and credits known to the affiant have
been allowed.”  Tex. Prob. Code Ann. ' 301 (Vernon Supp. 2002).  The next sentence of that section, requiring
the affiant to state the facts upon which the claim is founded, applies only if
the claim is not founded on a written instrument or account.  Id. 
Because Spring Custom’s claim is founded on a written instrumentCthe Builder’s and Mechanic’s Lien
Contract and TransferCsection 301 requires only an affidavit containing the
statement set out in the first sentence of the statute.  Here, Spring Custom=s secured claim is supported by an
affidavit stating “the claim described above is just and all legal offsets,
payments, and credits known to affiant have been allowed.”  Spring Custom’s secured claim against the
estate satisfies the requirements of section 301 of the Probate Code.








Second, Probate Code section 306 sets out certain
requirements for secured claims  for
money against an estate.  Tex. Prob. Code Ann. ' 306(a) (Vernon Supp. 2002).  The requirements of section 306 are in
addition to all other matters required to be specified in claims.  Id. 
Subsections (a)(1) and (a)(2) of section 306 provide a claimant
presenting a secured claim against an estate with alternate methods of seeking
payment.  Id.  As reflected by the wording on the face of
its secured claim,[4]
Spring Custom chose payment under subsection (a)(2).  That section provides:

(2)  Whether it
is desired to have the claim allowed, approved, and fixed as a preferred debt
and lien against the specific property securing the indebtedness and paid
according to the terms of the contract which secured the lien, in which event
it shall be so allowed and approved if it is a valid lien, provided however,
that the personal representative may pay said claim prior to maturity if it is
for the best interest of the estate to do so. 

Section 306 does not require the claimant to support its
secured claim with a copy of the instrument creating the lien.  Spring Custom’s secured claim against the
Estate contained the additional language required by section 306, making it a
properly authenticated money claim against the Estate, and a properly worded
secured money claim against the Estate. 

The two challenges as to form brought by the Estate against
Spring Custom’s secured money claim against the Estate have no merit.  Those challenges are:




A. 
No Copy of Written Instrument Supporting Lien Claim, and

B.  No Affidavit
of Facts Supporting A Claim Not Based On A Written Instrument

 

Neither section 301 nor section 306 requires either an
original or a copy of the instrument giving rise to the claim.  Absent any basis in law supporting this
ground, the trial court erred if it granted summary judgment based on the
Estate’s contention Spring Custom’s secured claim for money was not in proper
form because it lacked a copy of the instrument supporting the claim.








As noted above, section 301 does not require an affidavit of
facts supporting the claim unless the claim is not founded on a written
instrument or account, not the facts here. 
Further, section 306 has no requirement that a secured claimant attach
an affidavit of facts supporting the claim. 
Thus, Spring Custom’s secured money claim was in proper form, this
ground supporting the Estate’s motion for summary judgment has no basis in law,
and the trial court erred if it granted judgment on this ground.

2.  Secured claim limited Spring Custom to the Encumbered property

The Estate’s summary judgment motion also contends the
preferred debt and lien claim limited Spring Custom to the property encumbered
by the lien.  The motion goes on to
assert Spring Custom’s rights were extinguished when the property securing
Spring Custom’s claim was sold at foreclosure and the proceeds failed to
satisfy the senior lien.  The Estate
asserts “it is undisputed that there are no remaining proceeds from the
foreclosure sale of the home and there is, therefore, no money against which
[Spring Custom] can assert its Preferred Debt and Lien Claim.”  








The Estate’s naked allegation that Spring Custom’s lien was
extinguished cannot support summary judgment. 
The Estate failed to present any summary judgment proof that either a
foreclosure sale of the custom home occurred, or that zero proceeds remained
from that foreclosure sale to satisfy Spring Custom’s secured claim against the
custom home.  For a party to prevail on a
motion for summary judgment, it must conclusively establish the absence of any
genuine issue of material fact, and that it is entitled to judgment as a matter
of law on the issues expressly set out in the motion.  Tex.
R. Civ. P. 166a(c).  A defendant
must establish its right to summary judgment on the issues expressly presented
to the trial court by conclusively proving all elements of its defense as a
matter of law.  Rhone-Poulenc, Inc.,
977 S.W.2d at 223.  Stated differently,
the judgment sought should be granted, and if granted, should be affirmed only
if the summary judgment proof establishes a right thereto as a matter of
law.  Gibbs v. Gen. Motors Corp.,
450 S.W.2d 827, 828 (Tex. 1970) (emphasis added).  Because the Estate’s motion lacked summary
judgment proof establishing its right to judgment on this ground, the trial
court erred if summary judgment was granted based on this ground.  

3.  No constitutional lien on estate’s bank
deposits

In this ground, the Estate contends Spring Custom’s preferred
debt and lien claim “purports” to seek enforcement of a mechanic=s lien on the retainage account held
by the Estate.  However, this ground too
is without merit because the summary judgment proof presented by the Estate
eviscerates this challenge.  Spring
Custom’s authenticated secured claim is attached to the Estate’s summary
judgment motion and Spring Custom there states, as fully set out in note 5
above, that Spring Custom desired to have the claim approved and fixed as a
preferred debt and lien against the custom home described in the claim.  Spring Custom’s pleading and claim neither
purported to seek, nor suggested it was seeking, a lien on the Estate’s bank
deposits.  Thus, the Estate’s argument is
of no moment here because Spring Custom did not claim a lien against the Estate’s
liquid assets.  If judgment was granted
on this ground, it was error.

III.

Conclusion

We hold the Estate failed to prove it was
entitled to summary judgment as a matter of law, and that there are no genuine
issues of material fact.  Because
the Estate as movant failed to meet its summary judgment burden, we reverse the
trial court’s judgment and remand this cause for further proceedings.

 

 

/s/        John S.
Anderson

Justice

 








Judgment rendered and Opinion filed September 12, 2002.

Panel consists of Justices Anderson, Hudson, and Seymore.

Do Not Publish C Tex. R. App. P.
47.3(b).











[1]  Chapter 53
requires an owner to retain ten percent of the contract price during the
progress of work and for 30 days after the work is completed. Tex. 
Prop.  Code Ann. ' 53.101(a) (Vernon 1995).  The retainage secures the payment of those
who furnish material, labor or services for any contractor or subcontractor in
the performance of the work.  Id. ' 53.102.  A
claimant has a lien on the retained funds if he follows the requirements to
claim a lien not later than the 30th day after the work is completed.  Id. ' 53.103.






[2]  Spring Custom’s
suit complains of the Estate’s rejecting claims totaling $161,114.  However, on appeal, Spring Custom addresses
only the $67,500 retainage.  Further,
Spring Custom contends on appeal the $67,500 is not an asset of the Estate;
rather, Spring Custom contends it acquired superior right to this retainage
amount before Berry’s death because no subcontractor claimed a right to it
within 30 days after construction was completed.  Spring Custom argues the retainage therefore
became trust funds held for Spring Custom=s
benefit.  See Tex. Prop. Code Ann. '' 162.001, 162.003 (Vernon Supp. 2002).  The Estate contends Spring Custom failed to
plead any cause of action which put the ownership of the retainage at
issue.  Because we hold the Estate failed
to establish its entitlement to summary judgment as a matter of law, we do not
reach the issue of whether Spring Custom pleaded and proved it was the beneficial
owner of the retainage.





[3]  Spring Custom
states in its brief that the $67,500 is the “amount in controversy in this
appeal.”  





[4]  Paragraph 3 of
the secured claim states:  “Claimant
desires to have the claim allowed, approved, and fixed as a preferred debt and
lien against the property described above as securing the indebtedness, and to
be paid according to the terms of the contract securing the lien.”