Affirmed and Opinion filed August 26, 2011.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00419-CV

___________________

 

JANE DOE,
Appellant

 

V.

 

LOUIS A. MESSINA
AND CHRISTINE FIELDS, Appellees



 



 

On
Appeal from the 333rd District Court

Harris County,
Texas



Trial Court Cause No. 2007-77408A

 



 

 

OPINION

            Appellant,
Jane Doe, sued appellees, Louis A. Messina and Christine Fields, for ordinary
negligence, gross negligence, and premises liability.  The trial court granted
summary judgment against Doe on each of her claims.  We affirm.    

I.   Background

In 2005, Messina owned property on Lake Travis in
Austin which included two houses: a large house located away from the lake (the
“main house”); and a smaller guest house located near the lake (the “guest
house”).  Messina and Fields were married.  Messina’s twin sons, Louis Jr. and
Christopher, and Doe’s brother, Nicholas, were in a rock band.  In October
2005, the band performed a show in Austin to celebrate the eighteenth birthdays
of Louis Jr. and Christopher; Nicholas was already eighteen-years old.  Several
persons attended the show, including Doe, who was sixteen-years old, and Shawn
Kervin, a nineteen-year-old male.  Following the show, the group went to the
guest house where they drank beer and liquor and smoked marijuana. 
Additionally, Christopher and Kervin took the illegal narcotic “ecstasy.” 
After several hours of “partying,” Nicholas and his girlfriend left and spent
the night at the main house, and the rest of the group slept at the guest
house.  

In her deposition, Doe testified as follows.  While
sleeping on the couch, she was awakened by “the feeling someone’s hands inside
my vagina.”  Doe identified Kervin as the assailant.  Kervin then engaged in
sexual intercourse with Doe.  Doe did not attempt to stop Kervin because she
was scared and “didn’t know what to do.”

Subsequently, Doe sued Kervin for several intentional
and negligence torts and appellees for ordinary and gross negligence and
premises liability.  The legal basis of Doe’s claims against appellees is that
they were negligent by failing to supervise a group of teenagers whom they
expressly permitted to stay at the guest house and knew or should have known
were consuming alcohol and drugs.  Appellees filed a no-evidence motion for
summary judgment challenging each of Doe’s claims.  The trial court granted appellees’
motion and severed Doe’s claims against appellees.

II.   Summary Judgment

            In a single
issue, Doe contends the trial court erred by granting summary judgment in favor
of appellees relative to her ordinary-negligence, gross-negligence, and
premises-liability claims.  

A.  
Applicable Law and Standard of Review

We review summary judgments de
novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  After
adequate time for discovery, a party may move for summary judgment on the
ground there is no evidence of one or more essential elements of a claim on
which an adverse party would have the burden of proof at trial.  Tex. R.
Civ. P. 166a(i); W. Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex.
2005).  The movant must state the elements on which there is no
evidence.  Tex. R. Civ. P. 166a(i).  Unless the respondents produce
summary-judgment evidence raising a genuine issue of material fact on the
challenged element, the trial court must grant the motion.  Id.; Urena,
162 S.W.3d at 550.  We indulge every reasonable inference from the
evidence in favor of the non-movant, resolve any doubts arising from the
evidence in its favor, and take as true all evidence favorable to it.  Malcomson
Rd. Util. Dist. v. Newsom, 171 S.W.3d 257, 263 (Tex. App.—Houston [1st
Dist.] 2005, pet. denied).  When a summary judgment does not specify the
grounds upon which the trial court ruled, as here, we must affirm it if any of
the summary-judgment grounds on which judgment could be based is meritorious.  See
Star–Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

B.   Ordinary Negligence

            We first address
whether the trial court erred by granting summary judgment in favor of
appellees on Doe’s ordinary-negligence claim.  Doe alleged that appellees were
negligent by failing to supervise the teenagers and control their alcohol and
drug consumption.  In their motion for summary judgment, appellees argued there
is no evidence supporting the contention that their negligence, if any,
proximately caused Doe’s injuries.   

1.   Applicable law

To prevail on a cause of action for negligence, a plaintiff must
establish that (1) the defendant owed her a legal duty, (2) the defendant
breached that duty, and (3) the breach proximately caused the plaintiff’s
injuries.  Nabors Drilling, U.S.A., Inc. v. Escoto, 288 S.W.3d 401, 404
(Tex. 2009).  Doe also apparently contends that her ordinary negligence claim
subsumes a claim for “negligent undertaking.”  To support this
contention, Doe presented the affidavit of her mother who averred that, prior
to the night of the party, Messina assured her Doe and Nicholas were welcome to
stay at his guest house and “that he would be there.”[1]   Although a plaintiff asserting a claim for negligent
undertaking must prove additional elements relative to the defendant’s
assumption of a duty,[2] the plaintiff must also prove that the defendant’s
breach proximately caused the plaintiff’s injuries.  See Torrington Co. v.
Stutzman, 46 S.W.3d 829, 838 (Tex. 2000).

The components of proximate cause
are cause in fact and foreseeability.  Doe v. Boys
Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995).  These
elements cannot be established by mere conjecture, guess, or speculation.  Id. 
Foreseeability means the defendant, “as a person of ordinary intelligence,
should have anticipated the dangers that his negligent act created for others.”
 Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 549–50 (Tex. 1985).  The
general danger, not the exact sequence of events that produced the harm, must
be foreseeable.  Walker v. Harris, 924 S.W.2d 375, 377 (Tex. 1996).  Generally,
third-party criminal conduct is a superseding cause unless the conduct is a
foreseeable consequence of such negligence.  See Nixon, 690 S.W.2d at
550; see also Phan Son Van v. Pena, 990 S.W.2d 751, 753 (Tex. 1999).  Courts
consider the following factors in determining whether an intervening force
rises to the level of a superseding cause:

(1) the fact
that the intervening force brings about harm different in kind from that which
would otherwise have resulted from the actor’s negligence;

(2) the fact
that the intervening force’s operation or the consequences thereof appear after
the event to be extraordinary rather than normal in view of the circumstances
existing at the time of the force’s operation;

(3) the fact
that the intervening force is operating independently of any situation created
by the actor’s negligence, or, on the other hand, is or is not a normal result
of such a situation;

(4) the fact
that the operation of the intervening force is due to a third person’s act or
to his failure to act;

(5) the fact
that the intervening force is due to an act of a third person that is wrongful
toward the other and as such subjects the third person to liability to him;

(6) the
degree of culpability of a wrongful act of a third person that sets the
intervening force in motion.

See Pena, 990 S.W.2d at
754 (citations omitted).  The first three factors are particularly important.  See
id. at 754–56; Becerra v. Sw. Bell Tel. Co., No.
14-10-00536-CV, 2011 WL 1744201, at *5 (Tex. App.—Houston [14th Dist.] May 5,
2011, no pet.) (mem. op.).

2.   Relevant summary-judgment evidence

Doe presented evidence that
Messina’s sons frequently stayed at the guest house and Messina did not have a
practice of monitoring them during such stays.  Doe argued Messina knew or should
have known the teenagers were consuming alcohol and drugs; she presented the
following testimony from Messina’s deposition to support this contention:

[Questioner:] [D]id
you believe or expect or understand that your sons and their guests might be
drinking alcohol in the guesthouse?

. . .

[Messina:] The
answer is no.

[Questioner:] Why is
that?

[Messina:] Because
it’s - - it’s against my - - it was against my rules of having alcohol in that
house for underaged people.

[Questioner:] Did
you drink when you were underage[?]

[Messina:] I’m
sorry.  I don’t know why I should answer that question.  Did you drink when you
were underage?

[Questioner:]
Absolutely.

[Messina:] Okay.

[Questioner:] And
that’s the reason I expect that you did too.

[Messina:] And I did
too.

. . .

[Questioner:] I
mean, [underage drinking is] just something that happens, isn’t it?

[Messina:] It’s
something that just happens.

[Questioner:] Okay. 
And would it surprise you if [Nicholas], Christopher, Louis, and others that
were at the guesthouse drank when they were at the guesthouse, drank alcohol
when they were at the guesthouse?

[Messina:] It
wouldn’t shock me.

[Questioner:] Okay. 
Would it shock you if there was a keg of beer at the guesthouse when they were
there?

[Messina:] They
would be very ballsy to have a keg of beer that I could see.

[Questioner:] Would
it shock you that there were beverages - - alcoholic distilled beverages that
were being drank in shot glasses?

[Messina:] I would
be disappointed.

[Questioner:] What
about drugs?

[Messina:] I would
be really disappointed.

[Questioner:] What
about [ecstasy], have you ever heard of that?

[Messina:] I’ve
heard of it.

[Questioner:] Okay. 
Do you know what it is?

[Messina:] I don’t
know exactly what it is.

[Questioner:] Do you
know if your sons have ever taken [ecstasy]?

[Messina:] Not to my
knowledge.

[Questioner:] What
about marijuana?  Do you - - Are you aware that that has been smoked at the
guesthouse?

[Messina:] No.

[Questioner:] This
is the first time you’re hearing about that?

[Messina:] That my
son smoked - -

[Questioner:] Yes.

[Messina:] – marijuana
at the guesthouse?

[Questioner:] Yes.

[Messina:] Yes.

[Questioner:] Same
question with regard to [ecstasy].  Is this the first time you’re hearing that
your sons had taken [ecstasy] at the guesthouse?

. . .

[Messina:] Only
through the process of – since the incident – the alleged incident took place,
I’ve heard that.

Doe also presented another
portion of Messina’s deposition in which he opined that a girl under eighteen-years
old should have adult supervision.  Accordingly, Doe contends the sexual assault
was foreseeable because appellees failed to supervise and control the teenagers
when appellees knew or should have known the teenagers were consuming alcohol
and drugs.

3.   Application of law to facts

We begin by addressing Doe’s contention that the evidence
establishes appellees knew or should have known the teenagers were consuming
alcohol and drugs.  We assume, without deciding, that the evidence supports an
inference Messina should have known the teenagers were consuming alcohol
because he admitted he would not be “shocked” by this fact.  However, we
determine the evidence does not support a reasonable inference that appellees
should have known about the drug use; Messina merely testified he would be
“really disappointed” if the teenagers were using drugs at the guest house. 
Thus, we will determine whether Doe’s sexual assault was the foreseeable
consequence of appellees’ alleged failure to supervise a group of teenagers who
were consuming alcohol.

a. Pena
factors one through three: whether criminal act was ordinary consequence of
plaintiff’s negligence

Under the circumstances, we determine sexual assault
was not an ordinary consequence of appellees’ alleged negligence.  See Pena,
990 S.W.2d at 754 (factors one through three).  Criminal misconduct is
sometimes foreseeable because of immediately preceding conduct or a history of
criminal activity in an area.  Del Lago Partners, Inc. v. Smith, 307
S.W.3d 762, 767–69 (Tex. 2010); see also Cain v. Cain, 870
S.W.2d 676, 680–81 (Tex. App.—Houston [1st Dist.] 1994, writ denied)
(concluding third-party’s sexual assault of minor was reasonably foreseeable
consequence of defendant’s failure to supervise minor because defendant knew
third-party had conviction for sexual assault of child but allowed third-party and
plaintiff to consume alcohol together).  However, Doe presented no evidence
that any of the teenagers, including Kervin, had ever committed or attempted to
commit sexual assault.  At most, Messina testified during his deposition that
he did not “particularly care for” Kervin; however, Messina did not disclose
the basis for this opinion.  Without evidence that Kervin had previously
engaged in similar actions, Doe had the burden of establishing the sexual
assault was an ordinary consequence of unsupervised teenage drinking.  

Although allowing the
teenagers to consume alcohol without adult supervision might have had various
foreseeable consequences (such as arguments, promiscuity, horseplay, etc.), the
egregious, felonious crime of sexual assault was an extraordinary
consequence.[3] 
See, e.g., Pena, 990 S.W.2d at 755 (“The violent sexual assaults
and murders committed by the gang members when the girls, by chance, stumbled
upon their initiation ritual were certainly an ‘extraordinary’ rather than
‘normal’ consequence of [defendant’s] alleged illegal sale of alcohol.”); McArdle
v. Stahl, No. 03-04-00817-CV, 2006 WL 1648988, at *3–5 (Tex. App.—Austin
June 15, 2006 no pet.) (mem. op.) (concluding violent assault which
resulted in death not ordinary consequence of teenage drinking party, even
though third-party attacker had history of violence) (mem. op.); Boggs v. Bottomless Pit Cooking Team, 25
S.W.3d 818, 820 (Tex. App.—Houston [14th Dist.] 2000, no pet.)
(concluding murder was not ordinary consequence of selling alcohol to obviously
intoxicated person); Cowart v. Kmart Corp., 20 S.W.3d 779,
784–86 (Tex. App.—Dallas 2000, pet. denied) (concluding murder committed by
third-party was not foreseeable result of ammunition sale to minor); Donnell
v. Spring Sports, Inc., 920 S.W.2d 378, 384–85 (Tex. App.—Houston
[1st Dist.] 1996, writ denied) (concluding violent fight resulting in serious
bodily injury to plaintiff was extraordinary consequence of defendant’s failure
to provide security at softball fields where players consumed alcohol and had
reputation for aggressive confrontations); see also Freeman v. Busch, 150
F. Supp. 2d 995, 1003 (S.D. Iowa 2001) (concluding defendant’s negligence,
if any, in allowing incapacitated woman to remain in dormitory room with males was
not a proximate cause of the sexual assault).  

Here, Messina’s admission that a girl under eighteen-years old
needs adult supervision is not evidence that supports an inference the sexual
assault was foreseeable.  Furthermore, in her affidavit, Doe’s mother averred
she asked Messina whether Doe and Nicholas were welcome to stay at the
guest house, and Messina assured her they were welcome.  The presence of Doe’s
eighteen-year-old brother further negates her contention that appellees should
have foreseen their failure to supervise the teenagers would result in a sexual
assault of Doe.[4]
 “Foreseeability requires more than someone, viewing the facts in retrospect,
theorizing an extraordinary sequence of events whereby the defendant’s conduct
brings about the injury.”  Doe, 907 S.W.2d at 478; see also Barton v. Whataburger, Inc., 276 S.W.3d 456, 470 (Tex. App.—Houston
[1st Dist.] 2008, pet. denied) (“[F]oreseeability requires more than
‘afford[ing] an opportunity’ to commit a crime.”  (citation omitted)).  

In her response to appellees’ motion for summary
judgment, Doe presented a sociological study in which researchers found that
“the most common rape-risk situation for both adult women and college women is
. . . being taken advantage of by a sexual predator after [the woman] has
become intoxicated voluntarily.”[5] 
Researchers also found “that alcohol is, by far, the most frequently involved
substance” when a woman is sexually assaulted after being rendered
incapacitated.  However, these findings do not suggest that sexual assault is
an ordinary consequence of all unsupervised teenage drinking, particularly when
the victim’s intoxication is not a factor in the assault.  See Margaret
W. v. Kelley R. (2006) 139 Cal. App. 4th 141, 157 n.18, 42 Cal. Rptr.
3d 519 (declining to take judicial notice of studies regarding the link between
alcohol consumption and sexual assault, in part because “even accepting that
many rapes are associated with alcohol abuse or that alcohol abuse increases
the chance of rape, that does not make rape likely in any particular situation
involving alcohol.”).  Doe testified that she awakened during the sexual
assault, but did not try to prevent the assault because she was scared and “didn’t
know what to do”; she did not testify the assault occurred because she was
intoxicated and unable to prevent the attack.  Accordingly, the study does not
create a fact issue regarding foreseeability of the assault.  We hold that the
first three factors of the test for determining superseding cause are
satisfied.

b. Pena factors
four through six: the third-party’s criminal act

            Applying the
final three Pena factors to our facts, it is clear Kervin’s actions were
a superseding cause of Doe’s injury: (1) Kervin’s committed the sexual assault;
(2) this action subjected Kervin to civil liability to Doe as well as a felony
indictment; and (3) Kervin, who was nineteen-years old, was highly culpable for
committing the sexual assault.  See Pena, 990 S.W.2d at 754 (prongs four
through six).  Accordingly, Doe failed to raise a fact issue regarding whether
appellees’ negligence proximately caused the sexual assault.[6]  We hold the trial
court properly granted summary judgment in favor of appellees on Doe’s ordinary-negligence
claim.  See Urena, 162 S.W.3d at 550.    C.  Gross Negligence

We next address whether the trial court erred by
granting summary judgment in favor of appellees on Doe’s gross-negligence
claim.  In their motion for summary judgment, appellees noted that a finding of
ordinary negligence is prerequisite to a finding of gross negligence.  See Sonic
Sys. Int’l, Inc. v. Croix, 278 S.W.3d 377, 395 (Tex. App.—Houston [14th
Dist.] 2008, pet. denied).  Based on this law, appellees argued that judgment
should be granted on Doe’s gross-negligence claim if judgment is granted on her
ordinary-negligence claim.  We agree.  Therefore, having upheld the trial
court’s judgment Doe’s ordinary-negligence claim, we hold the trial court
properly granted summary judgment in favor of appellees on Doe’s gross-negligence
claim.  See Urena, 162 S.W.3d at 550. 

D.   Premises Liability

Finally, we address whether the trial court erred by
granting summary judgment in favor of appellees on Doe’s premises-liability
claim.  In their motion for summary, appellees challenged Doe’s
premises-liability claim by arguing, among other grounds, that there is no
evidence a dangerous condition existed on the premises of which defendants had
actual or constructive awareness.  

One of the elements of a premises-liability claim is the existence of a premises condition
posing an unreasonable risk of harm.  LMB, Ltd. v. Moreno, 201 S.W.3d
686, 688 (Tex. 2006).  A condition poses an unreasonable risk of harm when there
is a sufficient probability of a harmful event occurring that a reasonably
prudent person would have foreseen.  Cnty. of Cameron v. Brown, 80
S.W.3d 549, 556 (Tex. 2002).  We have already determined that a reasonably
prudent person would not have foreseen that Doe would be sexually assaulted if
the teenagers were not supervised.  Accordingly, we hold the trial court
properly granted summary judgment in favor of appellees on Doe’s
premises-liability claim because she failed to present evidence raising a fact
issue on an essential element of the claim.  See Urena, 162 S.W.3d at
550.  Doe’s sole issue is overruled.

We affirm the trial court’s judgment.  

                                                

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.









[1] It appears from the
record that Doe’s mother’s affidavit was not timely filed, and the trial court
did not consider it or grant Doe leave to file late summary-judgment evidence. 
Nevertheless, we conclude the affidavit does not constitute evidence sufficient
to avoid summary judgment.





[2] Specifically, the
plaintiff must show (1) the defendant undertook to perform services that he
knew or should have known were necessary for the plaintiff’s protection, (2)
the defendant failed to exercise reasonable care in performing those services,
and either (3) the plaintiff relied upon the defendant’s performance, or (4)
the defendant’s performance increased the plaintiff's risk of harm.  Pugh v.
General Terrazzo Supplies, Inc., 243 S.W.3d 84, 94 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied).





[3] We hold Kervin’s acts in
placing his hand inside Doe’s vagina and in engaging in sexual intercourse with
her are both extraordinary consequences of appellees’ alleged negligence.  See
Tex. Penal Code § 22.011 (West 2011) (defining sexual assault). 





[4] The fact that Nicholas
was not present at the guest house when the sexual assault occurred (but was
sleeping at the main house) is irrelevant.  Nothing indicates Messina was aware
Nicholas left the guest house.  In fact, the evidence establishes Messina was
surprised and angered when he discovered Nicholas in the main house. 





[5] Dean G. Kilpatrick,
Ph.D., et al., Drug-facilitated, Incapacitated, and Forcible Rape: A National
Study (2007).





[6] Having upheld the summary
judgment on the element of proximate cause, we need not and do not consider
whether appellees owed a legal duty to Doe.