

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00190-CV

WALTER WALLACE JOHNSON                                    APPELLANT

V.

LLOYD DOUGLAS ENTERPRISES                                  APPELLEE
I, LTD. D/B/A SUNFLOWER PARK
HEALTH CARE, INC.

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-263639-13

----------

### MEMORANDUM OPINION[1]

----------

This is a retaliation case. Appellant Walter Wallace Johnson was hired in June 2012 as the administrator for Sunflower Park Health Care Center, a nursing care facility in Kaufman, Texas. He reported to his supervisors that he was concerned that employees at the health care center were working under the

---

[1]*See* Tex. R. App. P. 47.4.

influence of drugs. In late July 2012, he reported the same concerns to the local police department and to the Texas Department of Aging and Disability Services (DADS). On August 2, 2012, Johnson's employment was terminated.

After his employment was terminated, Johnson sued Appellee Lloyd Douglas Enterprises I, Ltd. d/b/a Sunflower Park Healthcare Inc. (LDE) alleging that he was fired as an act of retaliation for reporting patient abuse. The trial court granted summary judgment for LDE, and Johnson now appeals.

In four issues, Johnson argues that he raised a fact issue on his retaliation claim and on whether LDE is the proper defendant. Because we hold that the summary judgment evidence does not raise a fact issue about whether LDE is the proper defendant, we affirm.

## Standard of Review

We review a summary judgment de novo.[2] A defendant who conclusively negates at least one essential element of a cause of action is entitled to traditional summary judgment on that claim.[3] Once the defendant produces sufficient evidence to establish the right to summary judgment, the burden shifts to the plaintiff to come forward with competent controverting evidence that raises a fact issue.[4]

---

[2] *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

[3] *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010).

[4] *Van v. Pena*, 990 S.W.2d 751, 753 (Tex. 1999).

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.[5] The motion must specifically state the elements for which there is no evidence.[6] The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.[7] If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.[8]

In reviewing a summary judgment, we consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the

---

[5]Tex. R. Civ. P. 166a(i).

[6]*Id.*; *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009).

[7]*See* Tex. R. Civ. P. 166a(i) & cmt.; *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

[8]*Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003), *cert. denied*, 541 U.S. 1030 (2004).

nonmovant unless reasonable jurors could not.[9] We indulge every reasonable inference and resolve any doubts in the nonmovant's favor.[10]

When a party moves for summary judgment under both rules 166a(c) and 166a(i), we will first review the trial court's judgment under the standards of rule 166a(i).[11] If the appellant failed to produce more than a scintilla of evidence under that burden, then there is no need to analyze whether the appellee's summary judgment proof satisfied the less stringent rule 166a(c) burden.[12]

**Analysis**

After Johnson filed suit, LDE filed an answer in which it stated that it did not and had never operated under the assumed name of Sunflower Park Health Care, Inc. and that it had never employed Johnson or terminated his employment. LDE then filed a motion for traditional and no-evidence summary judgment. The motion raised four grounds. First, LDE asserted that it never employed Johnson and was therefore not a proper defendant. It claimed that it had never operated under the assumed name of Sunflower Park Health Care, Inc. as alleged in Johnson's petition and that Johnson worked for and was

---

[9]*Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Timpte Indus.*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006).

[10]*20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

[11]*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

[12]*Id.*

4

terminated by Sunflower Park Health Care Providers, L.P. (Sunflower Park L.P.). That is, it asserted that Johnson's former employer was Sunflower Park L.P. and that regardless of the proper name of Johnson's former employer, LDE was not that entity. In support of this ground, LDE provided an affidavit from Steve Robinson, who stated that he is the director of operations at Sunflower Park Health Care Center; an affidavit from LDE's attorney; and exhibits attached to the two affidavits.

Robinson stated in his affidavit that LDE did not employ or make any hiring decisions with respect to Johnson and that Johnson was employed by Sunflower Park L.P., which operated the facility. He stated that he had hired Johnson on behalf of Sunflower Park L.P. to serve as an interim administrator and that Johnson communicated to Robinson that he understood he was hired on an interim basis.

Robinson attached several exhibits to his affidavit, including LDE's answers to interrogatories[13] in which it stated that LDE has not operated under the assumed name of Sunflower Park Health Care, Inc. and did not hire, employ, pay, supervise, retain, or terminate Johnson. LDE's attorney attached to his affidavit a printout from the website of the Texas Secretary of State, which stated that there were no assumed names on file for LDE.

---

[13]*See Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000) ("Generally, a party cannot rely on its own answer to an interrogatory as summary judgment evidence.").

LDE's second summary judgment ground was that the reports that Johnson made did not concern a violation of law or rule, a requirement to support a retaliation claim. It contended that the legal basis for Johnson's retaliation claim was unclear from his petition but that Johnson could only have based his retaliation claim on two possible grounds: section 260A.014[14] of the health and safety code, which provides a cause of action against health care facilities that retaliate against their employees, and section 242.322[15] of the health and safety code, which pertains to retaliation against nursing home administrators by a nursing home facility.

With respect to section 260A.014, LDE argued that Johnson had to have shown that he reported a violation of a law or rule, and neither of the reports he made did so. It alleged that in a report he made to DADS, he notified the agency of alleged drug abuse by former Sunflower Park employees. LDE asserted that the police report that Johnson had filed "made vague and unsubstantiated allegations that did not concern patient care at Sunflower Park." It maintained that neither report referenced any former or current patients at the facility, did not

---

[14]Tex. Health & Safety Code Ann. § 260A.014(b) (West Supp. 2014) (stating that an employee of a facility has a claim against a facility, its owner, or another employee of the facility that terminates a person's employment "for reporting to the employee's supervisor, . . . a state regulatory agency, or a law enforcement agency a violation of law, . . . *or for initiating* or cooperating in *any investigation* or proceeding of a governmental entity *relating to* care, services, or *conditions at the facility*.") (emphasis added).

[15]*Id.* § 242.322 (West 2010).

6

allege that any incidents took place on the facility's premises, and did not implicate a violation of any other laws or rules applicable to Sunflower Park. Thus, LDE argued, Johnson could not sustain a claim under section 260A.014.

In support of these statements, LDE again relied on Robinson's affidavit and exhibits attached to it. Robinson discussed both reports that Johnson had made. He stated that Johnson had made a complaint to the Kaufman police department about allegations of drug use by former employees of the facility, did not allege any violations of a law or rule by the facility, and did not assert any allegations concerning patient care at the facility. Robinson further stated that the report to DADS also did not allege abuse of any patients at the facility and did not allege any violations of laws or rules applicable the facility. Robinson's affidavit was limited to addressing the provision in section 260A.014 about patient abuse and violations of the law; he did not address whether Johnson's report initiated or related to an investigation of conditions on the property.[16]

Robinson attached to his affidavit copies of the two reports. Johnson's attached report to DADS stated,

> I am reporting that two employees separately came to me to complain that *they suspected drug use by co-workers*. I talked to the director of nursing, Candace Nachtigall, about these reports of drug use and that I felt we need to do drug testing and criminal background checks. We contacted the regional manager, Steve Robinson, and he came to the building that afternoon. I told him that I had reports of four former employees who got caught in a meth lab arrest. In our conversation, he told me that didn't mean that our

---

[16]*See id.* § 260A.014(b).

7

current employees had a drug problem. But our activities director, Elizabeth Barnette, said that *she saw some of the former employees in the building after their firings*. I told Steve [that] I thought we should do drug testing immediately, criminal background checks, put a letter in employee payroll envelopes that they are subject to random drug tests. Steve told me I was over-reacting, that I had no basis for concern, that I should not drug test or put out a letter, just do the nursing registry and CNA registry once a year. *He did not want to have the families think there might be a drug problem in our building*. I felt I was obligated to turn this information into the Kaufman police department and the detective that handled the case, Billy Frosch, Badge 915, felt I should report this info ASAP. [Emphasis added.]

The attached police report stated,

Tuesday the 24th day of July 2012 at approximately 13:20 hours, I[,] Officer Billy Frosch # 915[,] was dispatched to the Kaufman Police Department to meet with complainant Walter Johnson the administrator for Sun Flower Park Health Care . . . in the City of Kaufman.

Johnson stated that he was approached by some of his employees telling him if he would do a drug test on his employees he would lose *approximately 20% of his staff* due to drug use.

Johnson stated he was concerned about the drug problem so he called his Regional Manager Steve Robinson to see if he could drug test the employees. Robinson told Johnson that he was over reacting and to drop it and that he did not want to upset the patients['] families.

Johnson stated the reason why he notified the Police Department is that he is concerned about the patients['] care and that he was also going to notify the State Health Department. [Emphasis added.]

Regarding a claim under section 242.322, LDE asserted that the summary judgment evidence did not support any claim under that section, and Johnson makes no argument about the applicability of that section on appeal.

LDE's third traditional summary judgment ground was that Johnson was discharged because he had completed his temporary assignment as interim administrator of the nursing home. It asserted that Johnson was an at-will employee whose job was terminated when his duties as interim administrator had ended. It argued that the evidence showed that he would have been terminated even if he had not made any report.

Robinson's affidavit stated that he had hired Johnson on June 13, 2012 on an interim basis and that "Johnson agreed to serve as the center's administrator on an interim basis and communicated to [Robinson] that he understood that he was hired on an interim basis." He further stated that "Johnson's interim administrator assignment ended in August 2012 and he was not retained in a permanent position. He was discharged from his employment on August 2, 2012." Robinson stated that "[t]he decision to terminate his employment was made by [Sunflower Park L.P.]. Johnson acknowledged his termination resulted from completion of the interim assignment by executing a termination summary stating the same."

Attached as an exhibit to Robinson's affidavit was a "Termination Summary" regarding Johnson's termination. The document contained a handwritten notation that said, "Interim Assignment Completed. Employment Was Temporary Agreement." Johnson signed this document. The document however, contained no statement indicating that by signing the document, Johnson agreed with or accepted the reason he was given for his termination.

9

LDE's no-evidence grounds were that Johnson had no evidence to prove that LDE was his employer; that Johnson made a report of a violation of the law by the facility or initiated or cooperated in an investigation of the facility; that Johnson reported patient abuse; that Johnson refused to engage in an act or omission that would constitute a violation of chapter 242; or that LDE took adverse action against him for reporting a violation of applicable law or cooperating in an investigation of the facility.

In his summary judgment response, Johnson countered that he was entitled to the statutory presumption of retaliation under section 260A.014 because he reported concerns about employees abusing drugs in the course of their employment to his supervisors,[17] who ignored the concerns and told Johnson to drop them, and when he nevertheless reported his suspicions to DADS, his employment was terminated just days later.

In Johnson's attached affidavit, he contradicted Robinson's affidavit statements that his reports only related to former employees. Johnson stated that in his first week on the job, a housekeeping technician named James told him that many of the employees there at the facility used drugs and were under the influence of drugs at work. James told Johnson that "if [Johnson] conducted drug testing on the staff[,] James believed at least twenty (20%) percent of the staff would fail and should be terminated according to company policy."

---

[17]*See id.* (providing a claim against a facility who fires an employee for initiating an investigation into conditions at the property).

10

Johnson also stated that a few weeks later, Elizabeth Barnette, the facility's activity director, informed him that before he began working there, she had witnessed employees "shooting up" in the staff parking lot. Like the housekeeping technician, Barnette expressed concerns that employees were using drugs on the premises and were under the influence of drugs while at work.

Johnson further stated that based on these conversations, he became concerned about the possibility that employees were either using drugs on the premises or working while under the influence of drugs. He took his concerns to the director of nursing, Candace Nachtigall, who told him in response that "Kaufman is a small town and there is not much to do, so if employees are using drugs it is probably on the weekends and that it is not a big deal."

He also relayed his concerns to Robinson and suggested that employees should be drug tested. Robinson responded that Johnson was over-reacting and that Robinson "did not want to alarm or upset the patients' families." Based on the responses of Nachtigall and Robinson, Johnson felt obligated to report his concerns to the police in order "to ensure the residents['] and employees['] safety and to comply with [his] duties as an administrator."

Addressing LDE's claim that he was only an interim administrator and his employment was terminated at the end of the interim period, Johnson alleged that he had been hired until the time that a full-time administrator could be hired but then was terminated before that position was filled. In his affidavit, Johnson stated that he interviewed for his position with Robinson, who told Johnson that

11

the company was opening a new location in El Paso that was currently under construction. Johnson told Robinson that he would be interested in opening the new location there as he had lived in El Paso before and was interested in returning. A few days later, Robinson called him and offered him the position as administrator at the company's Kaufman location and told him that he would serve in that position until the El Paso location was completed, at which time Johnson would be transferred to that facility.

Instead of being transferred, his employment was terminated. Johnson stated that at the time of his termination, no permanent administrator had been hired for the Kaufman facility; the administrator from the company's Graham location was brought in to temporarily serve as the Kaufman administrator.

To address LDE's ground that it had not employed Johnson, he stated that his pay stubs listed "Sunflower Park Health Care, Inc." as his employer, not Sunflower Park L.P. The W-2 and paystubs attached by Johnson to his response, however, listed only "Sunflower Park Health Care" as his employer.

Johnson alleged that the superficially distinct entities represented a single, integrated enterprise, and he asked that if the court were to determine that Sunflower Park, L.P. was Johnson's employer, it substitute that entity as the true name of the defendant under civil procedure rule 28.[18]

---

[18]Tex. R. Civ. P. 28 (stating that "[a]ny partnership, unincorporated association, private corporation, or individual doing business under an assumed name" may be sued in its assumed name but on a motion, "the true name may be substituted.").

The trial court granted summary judgment for LDE without specifying the grounds. Johnson appeals from that judgment.

Johnson's four issues on appeal each include arguments related to both LDE's traditional and no-evidence grounds. In Johnson's first issue, he argues generally that the trial court erred by granting either traditional or no-evidence summary judgment for LDE. In his second issue, Johnson argues that the trial court erred by granting either traditional or no-evidence summary judgment for LDE because Johnson established a prima facie case of retaliation that was not controverted by LDE. In his third issue, he argues that the trial court erred by granting either traditional or no-evidence summary judgment for LDE on the ground that he had been hired only as a temporary employee. And in his fourth issue, he argues that the trial court erred by granting summary judgment on the ground that LDE was not his employer.

We begin our analysis, as we must, with Johnson's arguments relating to LDE's no-evidence grounds.[19] We agree that no-evidence summary judgment could not have properly been granted on the ground that there was no evidence that Johnson initiated an investigation of the facility or on the ground that there was no evidence that LDE took adverse action against him for doing so in violation of section 260A.014. Health and safety code section 260A.014(b) provides a cause of action against a facility or the owner of the facility by an

---

[19]*See Ford Motor Co.*, 135 S.W.3d at 600.

13

employee if his employment was terminated because he initiated an investigation or proceeding relating to conditions at the facility.[20] Johnson produced summary judgment evidence that he reported to his supervisor, to the police, and to DADS his suspicions that employees of the facility were under the influence of drugs while on the job and that his employment was terminated very soon after his reports were made. He also produced evidence sufficient to raise a fact issue about whether he had been hired with the understanding that his employment at the facility would continue until a new administrator had been hired and he was moved to the El Paso facility, and that the reason stated for his termination was a pretext. Johnson therefore raised a fact issue on LDE's no-evidence grounds related the reasons for his termination and the applicability of section 260A.014. We sustain the part of Johnson's second and third issues addressing these no-evidence grounds.

In Johnson's fourth issue, he argues that he presented sufficient evidence to raise a fact question about what entity hired him and then terminated his employment. He further argues that under civil procedure rule 28, if LDE were not the proper defendant, the proper party could be substituted, and therefore the trial court erred by granting summary judgment on the ground that LDE d/b/a Sunflower Park Health Care, Inc., was not Johnson's employer. After reviewing the summary judgment evidence, however, we must disagree.

---

[20]Tex. Health & Safety Code Ann. § 260A.014.

14

Johnson produced no evidence showing any basis of liability against LDE for his termination. No summary judgment evidence explains what the connection is between LDE and Sunflower Park Health Care Center or Sunflower Park, L.P. No evidence raises a fact issue about whether LDE, an entity called "Sunflower Park Health Care, Inc.," or any entity other than Sunflower Park L.P. was Johnson's employer.

LDE's summary judgment motion and evidence create the implication that the entities are connected in some way. But no evidence indicates that LDE is an entity that may, under the law, be held liable for the acts of Sunflower Park Health Care. Johnson's W-2 and pay stubs list his employer as "Sunflower Park Health Care," not LDE, "Sunflower Park Healthcare, L.P.," or "Sunflower Park Healthcare, Inc." Even were we to consider LDE's evidence—and we do not in ruling on the no-evidence grounds[21]—neither Robinson nor LDE's attorney explained any connection among the entities in their affidavits, and none of LDE's other evidence raised a fact issue on the matter.

Although Johnson argues that the trial court should have substituted the proper party under rule 28, that rule provides for the substitution of the true name of an entity that was sued under an assumed name.[22] Nothing in the record

---

[21] *See* Tex. R. Civ. P. 166a(i).

[22] *See Seidler v. Morgan*, 277 S.W.3d 549, 553 (Tex. App.—Texarkana 2009, pet. denied) ("Before the use of a common name is adequate under Rule 28, there must be a showing that the named entity *is in fact doing business under that common name.*") (emphasis added).

15

indicates that LDE is operating the facility under an assumed name or that LDE is the true name of Sunflower Park Health Care.

Misnaming a defendant is a different proposition from suing the wrong defendant.[23] To maintain a suit against LDE, Johnson needed to produce evidence raising a fact issue about why LDE may be held liable for the termination of his employment. We therefore are compelled to hold that because Johnson did not produce evidence raising such a fact issue, the trial court did not err by granting summary judgment for LDE on this ground.

Johnson counters that LDE cannot have properly been granted summary judgment on this ground because it never filed a verified denial raising a defect of parties.[24] Johnson is correct that to raise the issue that the plaintiff has sued the wrong party, the defendant must file a verified plea.[25] Johnson did not, however, raise an objection below to LDE's failure to file a verified denial; *both* parties made arguments and submitted evidence on the issue, with no objection to the lack of a verified pleading. Accordingly, Johnson waived any defect in LDE's pleading on the issue.[26] We overrule Johnson's fourth issue and hold that the

---

[23] *See Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990) (discussing the difference between misnomer of a defendant and misidentification of a defendant).

[24] *See* Tex. R. Civ. P. 93(4).

[25] *Id.*

[26] *See Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) (holding that Deere had waived any defect in Ingram's failure to file a verified denial in

16

trial court did not err by granting no-evidence summary judgment on the retaliation claim on the ground that there was no evidence that LDE was his employer.

Because Johnson's fourth issue is dispositive, we need not reach Johnson's remaining issues.[27]

## Conclusion

Having overruled Johnson's fourth issue, we affirm the trial court's summary judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

GABRIEL, J., concurs without opinion.

DELIVERED: January 22, 2015

---

response to Deere's claim of partnership when both parties presented evidence of the issue and developed it during trial without objection).

[27]See Tex. R. App. P. 47.1.